FILED
2020 Sep-21  PM 03:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA

Western Division 2020 SEP 21  P 2: 22

U.S. DISTRICT COURT
N.D. OF ALABAMA

**LUKE EDWARDS,**
**HERITAGE REAL ESTATE INVESTMENT, INC.,**
**APOSTOLIC ADVANCEMENT, AND**
**ALABAMA - MISSISSIPPI FARM, INC.**

7:20-CV-1400-LSC

**PLAINTIFF,**

V.

**IRA DRAYTON PRUITT Jr..,**
**WILLIAM HARRISON,**
**MICHAEL KING,**
**ESTATE OF BRUCE JOHNSON,**
**EDDIE HARDAWAY,**
**MARGO BRYAN,**

**DEFENDANTS, et.al.**

## WHISTLE BLOWER

I am reporting an "urgent concern" in accordance with the procedure outlined in **50 U.S.C. Section 3033(k)(5)(A).**

**TITLE 21 USC SECTION 848 CONTINUING CRIMINAL ENTERPRISE**
**TITLE 18  USC SECTION 1961 (1), (2),**
**TITLE 18 USC 2 SECTION (a) & (b)  AID AND ABETTING**
**TITLE 18 USC SECTION 1956 (a), (i), (A),(i), (ii), (B)(i), (ii), (2), (A), (B), (i), & (ii)**
**TITLE 18 USC SECTION  2073**

"Local tradition cannot justify failure to comply with the constitutional mandate requiring equal protection of law" **EUBANKS v. LOUISIANA**, 356 US 584, 78 Supreme Court 970 [2 L Ed 2d 991]"

## (Defendant)   Ira Drayton Pruitt, Jr. - (KingPin)

This (RICO) KingPin convinced two disbarred attorneys to clone companies, (changing the ("Inc. to an LLC"), then create a Quitclaim Deed and sell the company without the truthful owners knowledge. (See **ALABAMA - MISSISSIPPI FARM, INC. v. BRUCE JOHNSON, et.al, 10-CV-2301 (Newton County Mississippi).  (See Exhibit A)**

When the Fraud Scheme did not work in Mississippi, the (RICO) KingPin coerced Judge Eddie Hardaway (Ira Drayton Pruitt's former attorney) to grant a $6,559,648.00, Six Million, five hundred and fifty-nine, six hundred and forty-eight million dollar judgment in favor of the (RICO) in Alabama. **(See BRUCE L. JOHNSON, MICHAEL L. KING, WILLIAM HARRISON v. EDWARD LUKE, et.al - CV-2010-000032.00   (See Exhibit B)**

"Courts are mere instruments of law, and can will nothing. When they are said to exercise discretion, it's a mere legal discretion, discretion to exercise concerning the course described by law, and when that is discerned, it is the duty of the court to follow it. Judicial power is never exercised for the purpose of giving effect to the judge; always for the purpose of giving effect to the legislature; or in other words, to the will of the law." **OSBORN v. BANK OF THE UNITED STATES**, 9 Wheat (22 U.S.) 738, 886, 6 L Ed. 204 (1824) **UNITED STATES v. SIMPSON,** 927 F. 2d 1088, 1090, (9th Cir. 1991)

**NOTE: The judgment was granted with NO pre-trial, or trial!  The case was never called, and the attorney William Brewer, III will testify that he was present in court.**

Evidence provides the common thread between all the Defendants in this (RICO), and **(former attorney for the Petitioner)** is Ira Drayton Pruitt, Jr. Ira Drayton Pruitt, Jr.. Born in 1937, was admitted into Alabama Bar Assoc. in1961, is the only member of the (RICO) with the capacity, and trail of evidence to orchestrate, and protect the members of the (RICO) in this matter while accumulating 115 properties since 2010.   **(See Exhibit C)**

**Member of the Board:**

**Alabama Law Foundation**
**Chairman of Regions Bank**
**Gulf Coast Energy, Inc.**
**Cyber Operations, Inc.**
**Biobait, Inc.**
**Montgomery Institute Board of Trustees, and**
**President's Counsel, University of Alabama**

This (RICO) organization has literally taken hundreds of acres of land from Alabama-Mississippi Farm, Inc., and is seeking thousands more acres without even an arraignment hearing. Ira Drayton Pruitt has judges in his pocket, lawyers sit in court, and they don't even call the case, but the case has a $6,599,648.00 judgment in favor of Pruitt's (RICO).

The case can be looked up in The Circuit Court of Greene County, Alabama. Case number CV-2010-32. They don't even have a complete case number. The case was filed by (2) disbarred lawyers, who have robbed hundreds of families, and the man behind the scene raised his head in letters demanding to get off his land or else.

## I.   JURISDICTION and VENUE

### (1)

**This court has jurisdiction over this matter pursuant to 28 U.S.C. SECTION 157, 1384, and 11 U.S.C. SECTION 1112.**

**Constitutional Law: Section 747-** "The courts of a state cannot without violating the Due-process of law clause of the 14th Amendment, extend their authority beyond their jurisdiction as to condemn the residence of another state when neither his person nor his property is within the jurisdiction of the court rendering the judgment, and a corporation as well as individual is within the protection of these rules." RIVERSIDE & D. RIVER COTTON v. MENEFEE, 237, U.S. 189, 35 Supreme Court 578

"Once jurisdiction is challenged, the court cannot proceed when it clearly lacks jurisdiction, the court has no authority to reach merits, but rather, should dismiss the action."

### (2)

The Plaintiff can show, The Defendants never had authority to file a complaint in any state regarding people or properties that they were never legally authorized. The circuit court in Mississippi recognized this from the very beginning, and dismissed this case with prejudice. This is why the Defendants circumvented the pre-trial, and trial because their conspiracy was not based upon merits, but upon the confidence that Ira Drayton Pruitt had enough power to cover their scheme.

-3-

The United States Supreme Court states, "That a court is without authority, it's judgments and orders are regarded as nullities, they are not voidable, but simply void, and form no bar to recover sought, **even prior to  reversal in opposition to them**. They constitute no justification, and all persons concerned executing such judgments or sentences are trespassers of law." **ELLIOTT v. PIERSOL,** 1 Pet 328, 340, 26, U.S. 328, 340, (1828)  Thus, whereas a judicial tribunal has no jurisdiction of the subject matter to act, it's proceedings are absolutely void in the fullest sense of the term.  **DILLON v. DILLION,** 187 P 27

## II.   MOVANT

(3)

LUKE EDWARDS, Bishop of Aposolic Assemblies, and ex officio Chairman of the Board of ("AAA"), has his principal office, and place of business located at 312 Hyde Park Avenue, Eutaw, Alabama, 35462, where he also resides.

(4)

ALABAMA - MISSISSIPPI FARM, INC., is a business incorporated in the State of Alabama, located at P.O. Box 149, Eutaw, Alabama, 35462;

(5)

HERITAGE REAL ESTATE INVESTMENTS, INC., is a real estate investment company incorporated, located at 312 Hyde Park Avenue, Eutaw, Alabama, 35462, and;

(6)

APOSTOLIC ADVANCEMENT ASSOCIATION, INC., is a religious association located at 312 Hyde Park Avenue, Eutaw, Alabama, 35462. Hereinafter referred to as the ("Movants").

(7)

"As a man has a natural right to the fruit of his own labor, it follows that no person can rightfully deprive him of those fruits, and appropriate them against his will." **The ANTELOPE, 10 Wheat 66 [6 L Ed 268]**

-4-

(22)

The Movants can show, Defendant (Ira Drayton Pruitt) revealed his leadership role when he began representing the (RICO). His representation of the Movant since 2002, provided information that the other (co-defendants) in this case did not have. The Defendant (Ira Drayton Pruitt further enforced the fraudulent court order to demand that the Movants get off the property. The Defendant (Ira Drayton Pruitt), known, or should have known that he was in violation of **Title 18 U.S.C. Section 242**, depriving the Movant of his rights, by retaliation for exposing his (RICO) in the first botched case in Mississippi. In violation of **Title 18 U.S.C. Section 1513. (See exhibit K)**

(23)

The Due-process clause of the Federal Constitutions, Fourteenth Amendment, like the Due-process clause of the Fifth Amendment, is intended to prevent government from abusing power, or employing it as an instrument of oppression. DESHANEY v. WINNEBAGO **COUNTY DEPARTMENT OF SOCIAL SERVICES**, 489, US 189, 109, Supreme Court 998.

(24)

The Movant declares, "When a state officer, acts under the color of law in violation of the Federal Constitution, and is subject in his/her person to the consequences of his/her individual conduct. **SCHEUER v. RHODES**, 416 U.S. 232, 94, Supreme Court 1683, 1687, (1974)

(25)

In conclusion, the Movants moves the Honorable United States Attorney, Department of Justice, and Federal Bureau of Investigations to execute sanctions against the Defendants, provide a labyrinthine investigation, and prosecute the Defendants to the full extent of the law.

This WHISTLEBLOWER PETITION was respectfully submitted by Luke Edwards, this _____ day of September, 2020, for and on behalf of ALABAMA - MISSISSIPPI FARM, INC.

_Luke Edwards_
_____
SIGNATURE

_9- 21 - 2020_
_____
DATE

_Mea M. Jordan_ Notary
_June 25, 2024_
-7-

3/4 Edwards Dr
Eutaw AC 35462
#Ph- 205-609-8659

EXHIBIT A

ELECTRONICALLY FILED
8/12/2014 7:44 AM
60-CV-2014-900026.00
CIRCUIT COURT OF
SUMTER COUNTY, ALABAMA
DEVON A. JAMES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

BRUCE L. JOHNSON, MICHAEL KING   X
AND WILLIAM HARRISON             X
                                 X
        PLAINTIFFS,              X
                                 X
V.                               X    CIVIL ACTION NO.: CV-2010-32
                                 X
LUKE EDWARDS, ALABAMA-           X
MISSISSIPPI FARMS, INC., HERITAGE X
REAL ESTATE INVESTMENT           X            JUL  2 2012
CORPORATION, AND APOSTOLIC       X
ADVANCEMENT ASSOCIATION          X
                                 X
        DEFENDANTS.              X

### MOTION TO VACATE JUDGMENT PURSUANT TO RULE 60

Come now, the Defendants, acting by and through their attorney, William C. Brewer, III, and respectfully move the Court, pursuant to Rule 60(b) ARCP, to vacate, set aside and hold for naught a Default Judgment entered on August 25, 2011 in the above civil action, and as grounds for such motion show unto the Court the following:

1.      On August 25, 2011, this Court granted a Default Judgment against the Defendants.

2.      On September 20, 2011, within the 30 day period provided for in ARCP 55(c), the Defendants filed a motion to set aside the Default Judgment with affidavit attesting to the lack of service of process on the Defendants. (See Motion attached as Exhibit I)

3.      The Court did not rule on the motion to set aside the default within the 90 days provided by ARCP 59.1. As a result, such motion to set aside the default judgment was deemed denied 90 days after its filing.

4.      Your movants now urge the Court, pursuant to Rule 60(b) of the Alabama Rules of Civil Procedure, to set aside the default judgment entered in this case on the grounds raised in such



PLAINTIFF'S
EXHIBIT
15

motion and on the other additional grounds raised herein under Rule 60.

5.      The default judgment entered by the Court is void because of a failure to serve the Defendants with process. Due to the defective service of process, the defendants were never made parties to the proceeding so as to give the Court jurisdiction over them to enter judgment against them. As such, the Defendants are entitled to have the judgment set aside. *See Ex Parte Wilson Lumber Co., Inc.*, 410 So.2d 407 (Ala. 1982) *affirming, Neal v. Wilson Lumber Co., Inc.*, 410 So.2d 404 (Ala. Civ. App. 1981); *AAA Sewing Machine Co. v. Shelby Finance Company, Inc.*, 384 So.2d 126 (Ala. Civ. App. 1980). *Also see Ex Parte Full Circle Distribution, LLC*, 883 So.2d 638 (Ala. 2003); *Bank of America Corp. v. Edwards*, 881 So.2d 403 (Ala. 2003).

a.   Luke Edwards.   Defendant, Luke Edwards, who is commonly referred to as "Bishop Luke Edwards" has never been served and only became aware that an action was even pending in this Court when he was notified by mail from the Greene County Circuit Clerk's Office that a pre-trial hearing was set for August 25, 2011. The court file shows purported service on the Defendant, Luke Edwards, which service was defective because the complaint was served on a neighbor – not Mr. Edwards as set out in the response and affidavit. (See Motion to Set Aside and affidavit). In addition, the Case Action Summary in the court file of the Circuit Clerk of Greene County, Alabama reflects the following - "Service - served on someone else, other than Bishop", (See certified copy of such Case Action Summary attached as Exhibit II).

b. Alabama Mississippi Farm, Inc.   From the allegations of Plaintiffs' Complaint in paragraph 2.6, the agent for service of process for Alabama Mississippi Farm, Inc. was Barry Walker whose address was given as "312 Hyde Park Av., Emelle, Alabama 35462," yet the return certified mail receipt reflects that the certified mail was actually addressed to "Alabama Mississippi

2

Farm, Inc., 312 Hyde Park St., Eutaw, AL 35462, Attn. Kenneth Walker," and the return receipt reflects that it was signed for and accepted by one "E. Dawson" on January 5, 2011. (See copy of certified mail receipt marked as Exhibit III)  E. Dawson is not the agent of Alabama Mississippi Farm, Inc. as the plaintiffs' complaint properly recognized.  A copy of the Business Entity Details of the Business Entity Annual Report - 2010 filed with the Alabama Secretary of State covering the period from April 2010 - April 2011 reflects that the registered agent for Alabama Mississippi Farm, Inc. was Eleanor Walker at 5635 Sumter 20, Emelle, Alabama 35459. (See copy of Business Entity Report attached as Exhibit IV).

c.  **Heritage Real Estate Investment, Inc.**  The complaint alleges in paragraph 2.7 stated that the agent for service of process for Heritage Real Estate Investment, Inc. was Jerry Palmer, whose address was 1103 39th Ave., Meridian, Mississippi 39301, yet the return certified mail receipt reflects that the certified mail was addressed to "Heritage Real Estate, 312 Hyde Park St., Eutaw 35462, Attn. Linda Wilson," and the return receipt reflects that it was signed for and accepted by "E. Dawson" on January 5, 2011.  (See copy of certified mail receipt marked Exhibit V)  E. Dawson is not the agent of  Heritage Real Estate Investment, Inc. as the plaintiffs' complaint properly recognized.  A certified copy of the 2010 Corporate Annual Report filed with the Secretary of State of the State of Mississippi covering the period from April 2010 - April 2011 reflects that the registered agent for Heritage Real Estate Investment, Inc. was Jerry Palmer at 1103 39th Ave., Meridian, Mississippi 39301.  (See State of Mississippi Secretary of State 2010 Annual Report attached as Exhibit VI)

d.  **Apostolic Advancement Association.**  The complaint alleges in paragraph 2.8 that the agent for service of process for Apostolic Advancement Association was Clifton Dawson,

3

at 312 Hyde Park Av., Eutaw, Alabama 35462, yet the return certified mail receipt reflects that the certified mail was actually addressed to "Apostolic Advancement Association, Hyde Park St., Eutaw, Alabama 35462, Attn: (no one named)." but was signed for and received by "E. Dawson" on January 5, 2011. (See copy of certified mail receipt marked Exhibit VII)   E. Dawson is not the agent of Apostolic Advancement Association as the plaintiffs' complaint properly recognized. The Apostolic Advancement Association is a Mississippi non-profit corporation as reflected by Certificate from the Office of the Secretary of State of the State of Mississippi which states that the registered office of Apostolic Advancement Association is 4607 8th Street, Meridian, Mississippi 39301 and that its registered agent is Clifton Dawson. (See Certificate from the State of Mississippi Secretary of State attached as Exhibit VIII)

6.   By the Plaintiffs' own allegations and a review of the Court file, it is obvious and undisputable that service was not properly obtained on any of the named   Defendants and the Defendants not having notice of the proceedings were not subject to the jurisdiction of the Court at the time such Default Judgment was entered.

7.  Since the judgment here is void for lack of service, nothing further is needed to support this motion. *See Ex Parte Wilson Lumber Co., Inc., supra.*  As a nullity, a void judgment has no affect and is subject to attack at any time. *See Ex Parte Full Circle Distribution, LLC,* 883 So.2d 638 (Ala. 2003). Here however, and in addition to showing the judgment to be void, the Defendants have meritorious defenses to the Plaintiffs' claims because the Plaintiffs' claims are barred by *res judicata* and collateral estoppel. The identical claims of the Plaintiffs in this action were raised as counterclaims in the defense of an action in the Chancery Court of Newton County, Mississippi, and were dismissed with prejudice by that Court. The Chancery Court of Newton County, Mississippi,

4

resolved these same issues between these same parties by a final decree dated April 5, 2011. Therefore, the final decree by the Chancery Court of Newton County, Mississippi, is a bar to this proceeding under the doctrine of *res judicata*. (See attached pleadings, including answers, counterclaims, amended answers and counterclaims, third party complaints and decrees in such proceeding marked Exhibit IX)

8. Further, although William Harrison is listed as a party plaintiff in this action, there are no allegations in the Complaint of any cause of action by William Harrison against any of the named Defendants. The Complaint, at best, contains claims only by Bruce L. Johnson and Michael L. King, which were all resolved in the Mississippi action.

9. In addition to being barred by *res judicata*, the allegations of the Complaint are so poorly stated that they could not present any claim upon which relief can be granted and would further be barred by the statute of frauds and the statute of limitations and not subject to any jurisdiction of this Court because the actions referenced all took place in the State of Mississippi beyond the subject matter jurisdiction of this Court.

WHEREFORE, PREMISES CONSIDERED, your movants request that upon a hearing of this matter the Court will set aside the judgment against the defendants and dismiss the complaint of the plaintiffs, and for such other relief as they may be due under these premises.

William G. Brewer, III
Attorney for Defendants

William C. Brewer, III
Attorney at Law
Post Office Box 177
Livingston, Alabama 35470
(205) 652-9651

5

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and Foregoing Motion to Vacate Judgment Pursuant to Rule 60 on the following counsel or parties in this proceeding by mailing a copy of the same by United States mail, properly addressed and with adequate first class postage prepaid, on this the 29th day June, 2012.

William C. Brewer III

Hon. Ira D. Pruitt, Jr.
Pruitt & Pruitt
Attorneys at law
Post Office Box 1037
Livingston, Alabama 35470

Mr. Bruce L. Johnson
439 Northside Drive
Jackson, Mississippi 39206

Mr. Michael L. King
502 East Fisher Street
Salisbury, North Caroline 28144

Mr. William Harrison
124 Knollwood Boulevard
Montgomery, Alabama 36117

6

EXHIBIT A

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| BRUCE L. JOHNSON, MICHAEL L. KING, and WILLIAM HARRISON, (PRO SE) | )( )( )( |
| PLAINTIFFS, | )( )( )( |
| V. | )( )( |
| LUKE EDWARD, ET AL, | )( )( )( |
| DEFENDANT. | )( |

FILED CIRCUIT AND DISTRICT COURT
GREENE COUNTY, ALABAMA

JUL 11 2011

ETTA B. EDWARDS
CIRCUIT COURT CLERK

CASE NO.:CV-2010-32

### APPLICATION TO THE CIRCUIT CLERK FOR AN ENTRY OF DEFAULT AND SUPPORTING AFFIDAVIT

The Circuit Clerk is requested to enter a Default Judgment against the Defendant, Alabama Mississippi Farm, Inc in the above entitled action for failure to plead, answer or otherwise defend the Complaint filed in this cause.

William Harrison (Pro Se)

I. Drayton Pruitt, Jr.,
Attorney for Plaintiff

OF COUNSEL:

Pruitt & Pruitt, P.A.
312 South Washington Street
Post Office Box 1037
Livingston, Alabama 35470
P: (205) 652-9627
F: (205) 652-9620
E: dppandn@bellsouth.net

## PRUITT & PRUITT, P.A.

ATTORNEYS AT LAW
312 SOUTH WASHINGTON STREET
(FORMERLY 105 WASHINGTON STREET)
P. O. BOX 1037
LIVINGSTON, ALABAMA 35470

IRA D. PRUITT (1904-1984)
IRA D. PRUITT, JR.*

* ALSO LICENSED IN TENNESSEE

TELEPHONE (205) 652-9627
TELECOPIER (205) 652-9620
E-MAIL: dppandp@bellsouth.net

August 23, 2004

Ms. Eleanor R. Walker
Heritage Real Estate & Investment
P. O. Box 1409
Eutaw, AL 35462

In Re: Edgar Lavert Hopkins, State Appraiser
State of Alabama Department of Revenue
Marengo Count Appraisal of Heritage Shopping Center

Dear Ms. Walker:

I have talked with the State of Alabama. I find that when you appeared before the Board of Equalization of Marengo County during the Spring of 2004, you were given a $600,000.00 down adjustment from the appraised value which they had. You were given ten days within which to appeal the decision to the Circuit Court of Marengo County. You have made no appeal. Therefore, you lost your opportunity to question the amount of the appraisal for the year 2004. The next available Board of Equalization meeting will be in the Spring of 2005.

I have requested them to notify me when that Board of Equalization meeting will be held.

Sincerely,

I. Drayton Pruitt, Jr.

IDP/clb

# PRUITT & PRUITT, P.A.

Ira D. Pruitt (1904-1984)
Ira D. Pruitt, Jr.*

*Also Licensed in Tennessee

**Attorneys at Law**
312 South Washington Street
P. O. Box 1037
Livingston, AL 35470

Telephone   (205) 652-9627
Facsimile   (205) 652-9620
E-MAIL: dppandp@bellsouth.net

January 18, 2013

Mr. Michael Griffin
245 Highland Drive
Hueytown, Alabama 35023

**RE:    Heritage Real Estate**

Dear Mr. Griffin:

I enclose a copy of the Notice of Sale for the parcels of land in Sumter County that was filed on January 16th. The date of the sale will take place on March 4, 2013 between the hours of 11:30 a.m. to 12:30 p.m.

Sincerely,

I. Drayton Pruitt, Jr.
IDPjr/kal

ELECTRONICALLY FILED
8/12/2014 7:44 AM
60-CV-2014-900025.00
CIRCUIT COURT OF
SUMTER COUNTY, ALABAMA
DEVON A. JAMES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

BRUCE JOHNSON, ET AL.,　　　　X

　　　　　　　　　　　　　　X

　　　PLAINTIFFS,　　　　　　X

　　　　　　　　　　　　　　X

VS.　　　　　　　　　　　　X　　　CIVIL ACTION NO.: CV-2010-000032.00

　　　　　　　　　　　　　　X　　　FILED IN OPEN COURT

LUKE EDWARDS, ET AL.,　　　　X

　　　　　　　　　　　　　　X　　　AUG 2 5 2011

　　　DEFENDANTS.　　　　　　X

ETTA B. EDWARDS
Circuit and District Court Clerk
Greene County, Alabama

## MOTION TO DENY APPLICATION FOR ENTRY OF DEFAULT AND MOTION TO DISMISS

Comes now, William C. Brewer, III, attorney for Luke Edwards, III, and respectfully moves the Court to deny an Application for Entry of Default filed in this action and, in addition moves the Court to dismiss this action. As grounds for such motion, the movant shows unto the Court the following:

1. The summons and a copy of the Plaintiffs' Complaint was purportedly served on Luke Edwards on or about the 12th day of October, 2010, but, in fact, such summons and copy of the Complaint was left with Sandra Walker, who is a neighbor of the said Luke Edwards. An affidavit by Ms. Walker is attached hereto and, by reference, incorporated in and made a part hereof. The said Luke Edwards became aware of this action only upon receiving a notice of the pre-trial hearing set for August 25, 2011. Based on a review of the file in this action, it appears that the Plaintiffs' have filed an Application for the Entry of Default for the failure of the said Luke Edwards to file an answer or otherwise defend the Complaint filed. Such Application is due to be denied on the ground that the said Luke Edwards has not been properly served.

2. In addition, this action is due to be dismissed on the grounds that it does not state a claim upon which relief can be granted; it is barred by doctrine of *res judicata* in that the same issues were



PLAINTIFF'S
EXHIBIT
12

resolved in an action in the Chancery Court of Newton County, Mississippi on April 5, 2011; that such action is barred by the statue of limitations; and that all acts alleged in the Complaint purportedly took place in the State of Mississippi and, therefore, this Court has no jurisdiction in the action.

Respectfully submitted,

William C. Brewer, III
Attorney for Luke Edwards

William C. Brewer, III
Attorney at Law
Post Office Box 177
Livingston, Alabama 35470
(205)652-9651

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing Answer on the following counsel or parties in this proceeding by mailing a copy of the same by United States mail, properly addressed and with adequate first class postage prepaid, on this the 25th day August, 2011.

William C. Brewer, III

Mr. Bruce L. Johnson
439 Northside Drive
Jackson, Mississippi 39206

Mr. Michael L. King
502 East Fisher Street
Salisbury, North Caroline 28144

Mr. William Harrison
124 Knollwood Boulevard
Montgomery, Alabama 36117

STATE OF ALABAMA          X
                          X
COUNTY OF SUMTER          X

BEFORE ME, William C. Brewer, personally appeared Sandra Walker, who being by me first duly sworn doth depose and say as follows:

My name is Sandra Walker and I have personal knowledge of the facts set forth in this affidavit. I am employed by the Apostolic Advancement Association at its office located at 312 Hyde Park Avenue in Eutaw, Alabama. On or about ~~October~~ *October* 12, 2010, my sister, Cynthia McKinnon, who is a process server for the Greene County Sheriff's Department came to my home located at 313 Hyde Park Avenue, Eutaw, Alabama and stated that she had some papers for Bishop Luke Edwards. She left the papers with me and later I discovered he was out of town. I did not know what to do with them so I gave them to Mrs. Luvonia Edwards and I do not know what happened to them after that. I have been informed that the papers that were left with me was a lawsuit that had been filed against Bishop Edwards and several other people who were listed as defendants and that there is an effort to obtain a default judgment against Bishop Edwards because he has not filed a response to the lawsuit. I have examined a copy of the summons that was returned to the Circuit Clerk of Greene County, Alabama which indicates that my sister, Cynthia McKinnon, served the papers on Bishop Luke Edwards, but I know of my own knowledge that these papers were left with me and that they were not personally served on Bishop Edwards.

Further the deponent saith not.

Dated this _18_ day of August, 2011.

_Sandra Walker_
Sandra Walker

Sworn to and subscribed before me on this _18_ day of August, 2011.

_William C. Brewer, Jr._
Notary Public
My Commission Expires: _9/28/11_

# COMPLAINT AGAINST A LAWYER

| Return your completed form to: |
|---|
| **Alabama State Bar** |
| **Disciplinary Commission** |
| **P. O. Box 671** |
| **Montgomery, AL 36101-0671** |

## NAME AND ADDRESS OF COMPLAINANT

Alabama-Mississippi Farm, Inc.

Last Name,    First Name

312 Hyde Park Avenue

Address

lindawilson55@yahoo.com

E-mail Address

Eutaw, Alabama 35462

City, State, ZIP Code

205-372-0113

Telephone Number(s)

Linda Wilson - Board Member

Name & Relationship of Person Who Can Always Contact You

205-372-0113

Telephone Number(s)

## NAME AND ADDRESS OF ATTORNEY AGAINST WHOM YOUR COMPLAINT IS MADE

Pruitt, Jr. Ira Drayton

Last Name,    First Name

Pruitt & Pruitt P.C.

Name of Law Firm Where Attorney is Employed

P.O. Box 1037

Address

Livingston, Alabama 35470

City, State, ZIP Code

205-652-9627

Telephone Number(s)

On what date did the alleged ethics violation occur?  February 2011

What was your fee arrangement with the attorney?  N/A

## COMPLAINT INSTRUCTIONS:

1. If you have a complaint against more than one attorney, use a SEPARATE complaint form for each attorney, with the details and relevant exhibits attached to each separate complaint. If you are filing more than one complaint, do not combine your complaint details or your exhibits into one document, or make a specific comment about a complaint filed against another attorney, or it will be returned to you. We will not accept complaints against law firms.
2. Send your complaint with an original notarized signature. We will not accept a copy of your signature.
3. State specifically, on each individual complaint, what the attorney did or failed to do which you believe constitutes unethical conduct, and when it occurred.
4. Attach COPIES of any receipts, contracts, or other documents which are important to the complaint, to the back of each individual complaint. Keep your own original documents.
5. Please, do not bind your complaint. Type or write your complaint legibly in ink so it can be copied.
6. You may add more pages to this form if necessary.
7. If you believe that drugs, alcohol or mental disability affected the lawyer's representation, please state what facts support your belief.
8. This matter is confidential at this stage of the proceedings, until the Disciplinary Commission or Board has acted.

9. The Alabama Bar Association does not represent you in this matter but acts to investigate complaints on behalf of the Supreme Court of Alabama.

If there is a court case related to your complaint, please provide the case name and file number, and the lawyer representing you?

Bruce L Johnson etal vs Heritage Real Estate Investment etal

CV 2010-32 Attorney William C. Brewer III

## DETAILS OF YOUR COMPLAINT

Explain your complaint in your own words. Include the following: all important dates, times, places, and court file numbers. Please be advised we cannot return documents submitted to this office. You should retain a copy of all materials you submit. Do not send cassette tapes unless requested by the Bar to do so. The Alabama State Bar cannot be held responsible for lost, misdirected or damaged documents.

This Attorney Violated Rule 1.6,1.7,1.9, & 1.13

See Attached Complaint, Exhibit A

Proof Pruitt was our attorney, Exhibit B

Proof of correspondence between King and Pruitt, Exhibit C

Application for Default Judgment to show Pruitt our former

attorney was in a client attorney relationship, Exhibit D

Proof of Pruitt's History with our organization and its affiliates,

Exhibit E

The attorney you are filing the complaint against will receive a copy of your complaint, and may be asked to respond to your allegations.

I hereby certify that the information I am providing is true and accurate to the best of my knowledge and that I will voluntarily appear and testify to the facts in the complaint if called upon by the Alabama State Bar.

Name (signature)

Date: _____

Sworn to and subscribed before me this _____ day of _____ , _____ .

[SEAL]

NOTARY PUBLIC

MY COMMISSION EXPIRES: _____

Ex̲h̲i̲b̲i̲t̲ A

## COMPLAINT AGAINST AN ALABAMA ATTORNEY

APOSTOLIC ADVANCEMENT ASSOCIATION, INC
HERITAGE REAL ESTATE INVESTMENT, INC
ALABAMA-MISSISSIPPI FARM, INC

VS

### ATTORNEY IRA DRAYTON PRUITT JR

Ira Drayton Pruitt Jr. violated Alabama Rules of Professional Conduct **Rule 1.6(a) Conflict of Interest;** A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation. A fundamental principle in the client-lawyer relationship is that the lawyer maintains confidentiality of information relating to the representation. The client is thereby encouraged to communicate fully and frankly with the lawyer even as to embarrassing or legally damaging subject matter. After withdrawal the lawyer is required to refrain from making disclosure of the client's confidences. Former client; the duty of confidentiality continues after the client-lawyer relationship has terminated.
Our former attorney Ira Drayton Pruitt Jr violated our conflict of interest by disclosing confidential information regarding the names of all of corporation and entitles as well as the locations of all land and assets the corporations owned. Also information that he collected over the years as the company's attorney was shared with the Defendants in the case Bruce L. Johnson v. Heritage Real Estate Investment, Inc. case #CV-2010-32.

Attorney Ira Drayton Pruitt Jr. violated Alabama Rules of Professional Conduct **Rule 1.7(a) Conflict of Interest;** A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless each client consents after consultation. Attorney Pruitt took on Harrison, Johnson and King as clients in case #CV-2010-32 Bruce L. Johnson v. Heritage Real Estate Investment, Inc. he knew this would be a direct conflict of interest to the organization because attorney Pruitt was the organization and its affiliates attorney for many years and he had worked directly with Johnson, Harrison and King when they worked and represented our organization. So to take a case from former workers who worked for our organizations and Pruitt being our former company's attorney and they all worked together with him working on our organization business was a slap in the face.

Attorney Ira Drayton Pruitt Jr. violated Alabama Rules of Professional Conduct **Rule 1.9(a)(b); A lawyer who has formerly represented a client** in a matter shall not thereafter: (a) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client, unless the former client consents after consultation; or (b) Use information relating to the representation to the disadvantage of the former client. Attorney Drayton Pruitt our former company attorney entered into a client-lawyer relationship with former workers who sued the organizations and its affiliates in case #CV-2010-32. Attorney Pruitt disclosed and plotted with Harrison, King and Johnson to steal all the organizations land and assets by bringing forth a frivolous lawsuit and because attorney Pruitt has a reputation of requesting favors from Judge Eddie Hardaway Jr in his courtroom, he was able to undermine this organization and get Judge Eddie Hardaway to ignore a dismissal with prejudice and enter a Default Judgment against our organizations and its affiliates. See proof that he was a former attorney with billing, letter between King and Pruitt, dismissal with prejudice, and application for default judgment. Attorney Pruitt was having conversation with Judge Eddie Hardaway outside of the courtroom and court procedures. This is a small town and Harrison was bragging about his clout with Pruitt and Judge Eddie Hardaway. According to Alabama Court Rule 1.9

Attorney Drayton Pruitt should have never taken the case from Harrison, Johnson and King and none of our company's trade secrets and information should have been disclosed to them.

Pursuant to Alabama Rules of Professional Conduct **Rule 1.13(a)** A lawyer retained by an organization represents the organization acting through its duly authorized constituents. (b) If a lawyer for an organization knows that an officer, employee, or other person associated with the organization is engaged in action, intends to act or refuses to act in a matter related to the representation that is a violation of a legal obligation to the organization, or a violation of law which reasonably might be imputed to the organization, and is likely to result in substantial injury to the organization, the lawyer shall proceed as is reasonably necessary in the best interest of the organization.

As a result of Attorney Ira Drayton Pruitt Jr. taking on this case has cause this organization to lose a $7 million dollar lawsuit and spent thousands of dollars in legal fees in the civil case and as well as being forced into bankruptcy for protection while the case goes before the Appeals Court. This has been devastating to the organizations. We are asking for a public reprimand and that attorney Ira Drayton Pruitt Jr. be disbarred for violating **Alabama Professional Code of Conduct Rule 1.6, 1.7, 1.9 and 1.13.** Attorney Pruitt was asked to resign as the counsel for Harrison, Johnson and King but he refused. When attorney Pruitt took on their case we were shocked and in disbelief, we were never informed by him of these actions nor did he tell us he would never represent us or stop being our attorney. Attorney Pruitt had been our company legal counsel for more than 20 years prior to this incident on February 2011.

**Rule.8.4 Misconduct** states: It is professional misconduct for a lawyer to: (a) Violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another; (d) Engage in conduct that is prejudicial to the administration of justice; (e) State or imply an ability to influence improperly a government agency or official; (f) Knowingly assist a judge or judicial officer in conduct that is a violation of applicable Canons of Judicial Ethics or other law; or (g) Engage in any other conduct that adversely reflects on his fitness to practice law.

**Alabama Rules of Evidence Rule 502 Attorney-Client Privilege:** General rule of privilege; A client is a person, public office, or corporation, association, or other organization or entity, either public or private, that is rendered professional legal services by an attorney, or that consults an attorney with a view to obtaining professional legal services from the attorney. An attorney is a person authorized, or reasonably believed by the client to be authorized, to engage in the practice of law in any state or nation.

_____

Linda Wilson – Board Member

STATE OF ALABAMA — UNIFORM COMMERCIAL CODE — FINANCING STATEMENT
FORM UCC-1 ALA

Important: Read Instructions on Back Before Filling out Form.

FRILEY & FRILEY, P.A.
POST OFFICE BOX 1037
LIVINGSTON, AL 35470

20562

APOSTOLIC ADVANCEMENT ASSOCIATION,
INC.
POST OFFICE BOX 1609
312 HYDE PARK AVE.
ALIAM, AL 35462

H. LAMAR NOBLE
I-20 EXIT 5
POST OFFICE BOX 507
TALLAPOOSA, GEORGIA 30176

This Financing Statement Covers the Following Types or Items of Property.

All of the rights of debtor in a Lease Purchase Agreement from
Triple J's I, Inc. to Apostolic Advancement Association dated
March 21, 2003 and recorded in Deed Book 206 at page 612.

*Triangle filen Mtg 281 19 922*

Apostolic Advancement Association, Inc.

H. Lamar Noble

NOBLE MANAGEMENT SERV     7705774691     06/09/2006 12:37 FAX

**PRUITT & PRUITT, P.A.**

ATTORNEYS AT LAW
105 WASHINGTON STREET
P. O. BOX 1037
LIVINGSTON, ALABAMA 35470

IRA D. PRUITT (1904-1984)
IRA D. PRUITT, JR.*

* ALSO LICENSED IN TENNESSEE

TELEPHONE (205) 652-9627
TELECOPIER (205) 652-9620
E-MAIL: dppandp@bellsouth.net

August 19, 2002

Mr. Martin Crawford
Reach Construction Company
312 Hyde Park
Eutaw, AL  35462

Dear Martin:

I finally got to talk to Michael Strahan, the attorney for the City of Meridian on Monday August 19, 2002. He advised me that the city had brought him this case and brought him two estimates on two properties which you demolished under appropriate permit from the city. On one of the buildings they advised that there was debris left at the site and the sewer remained uncapped. The other building contained debris, the sewer was uncapped and a sidewalk was damaged. The city gave him two estimates from independent contractors to bring the two properties to standard. One estimate was $6,400.00 and the other was $7,500.00.

I asked him whether or not Reach Construction Company could itself correct the problems which the city complains of. He advised me that he thought if the debris was removed and the sewers capped, that the city would be satisfied. Please get in touch with me about this matter. I advised him that I would call him back before the week was out.

I. Drayton Pruitt, Jr.

IDP/clb

652-8819

*Crawford Martin Reach Construction Letter*

**PRUITT & PRUITT, P.A.**

ATTORNEYS AT LAW
312 SOUTH WASHINGTON STREET
(FORMERLY 108 WASHINGTON STREET)
P. O. BOX 1037
LIVINGSTON, ALABAMA 35470

IRA D. PRUITT (1904-1984)
IRA D. PRUITT, JR.*

* ALSO LICENSED IN TENNESSEE

TELEPHONE (205) 652-9627
TELECOPIER (205) 652-9620
E-MAIL: dppandp@bellsouth.net

February 10, 2004

Mr. Wayne Dooley
DOOLEY, INC.
425 Hwy. 98 West
Apalachiocola, FL 32320

In Re: Leases

Dear Mr. Dooley:

I enclose an original of the Lease between Dooley, Inc., and Heritage Real Estate Investments, Inc. I have filled in the date January 1, 2004 where appropriate and the address of Heritage, but I have not filled in the monthly fee for cleaning, lighting, repairing, and painting parking areas. This should be agreed upon and a letter attached between Heritage and you. I have forwarded the Short Form Lease to the Probate Judge of Marengo County for recording.

With kind regards I am,

Sincerely,

I. Drayton Pruitt, Jr.

IDPjr./tt

Enclosure

cc:    Mr. Martin Crawford
       Heritage Real Estate Investments, Inc.
       Post Office Box 149
       Eutaw, AL 35462

       Ms. Zora Myers, CPA, PC
       985 Martin Luther King Jr., Drive NW
       Atlanta, GA 30314

EXHIBIT E



# KING & STOCKTON, PLLC

Attorneys at Law

MICHAEL LEE KING          704.634.2176          D. LaFOREST STOCKTON

### IN-HOUSE COUNSEL MEMORANDUM

October 13, 2004

To: Mr. Drayton Pruitt, Esquire
    Outside Counsel For the Apostolic Corporations Group

From: Mr. Michael Lee King, Esquire
      In-House Counsel For the Apostolic Corporations Group

Re:  Initial Greetings

Dear Mr. Pruitt:

Greetings! It was a pleasure conversing with you on today. As I informed you I am in-house counsel for the group of corporations that involves the Heritage Mart and other properties. As in-house counsel I will advise my clients in-house on various matters coming before the Boards. Those matters that must be prosecuted and/or defended before government agencies or the State and Federal Courts, we will farm all of those matters out to outside attorneys, such as yourself. Once these matters are assigned to outside counsel, then I will remain in touch with outside counsel to assist with whatever information will be required to defend or prosecute the matter at hand.

With this understanding, please be advised that I am available to you, should you need, or have trouble acquiring information. There are several cases that you and I discussed this morning that does concern me, such as the David Cleveland case; the Botched Real Estate closing where the Attorney failed to disclose a serious conflict of interest problem; the Charles Tripp case; and the Tuscaloosa Scales case.

When we talked, you said that you thought the Tuscaloosa Scales case had been settled by Rose Walker. I have checked on that matter and it appears that the case that was settled was the Tuscaloosa Sign case, but the Tuscaloosa Scales case remains open. Please check your file on this matter.

Please be advised that I have been in touch with additional Alabama counsel regarding these matters and if you should find that your case load is too much at this time to move these cases along expeditiously, then we will assign some of the work to other counsel. Please let me know, because we are anxious to complete all of these matters quickly. Also, please fax to my office a copy of all correspondence involving my clients or their corporations, regardless of the nature or content of the correspondence. This will in turn expedite the process.

Thank you

Sincerely,

MICHAEL LEE KING
ATTORNEY AT LAW

Cc: Apostolic Corporations Group

*Physical Address: 202 North Long Street, East Spencer, NC 28039*

**PRUITT & PRUITT, P.A.**

ATTORNEYS AT LAW

312 SOUTH WASHINGTON STREET

(FORMERLY 105 WASHINGTON STREET)

P. O. BOX 1037

LIVINGSTON, ALABAMA 35470

IRA D. PRUITT (1904-1984)
IRA D. PRUITT, JR.*

* ALSO LICENSED IN TENNESSEE

TELEPHONE (205) 652-9627
TELECOPIER (205) 652-9620
E-MAIL: dppandp@bellsouth.net

October 19, 2005

Ms. Eleanor R. Walker
Apostolic Advancement
P. O. Box 1409
Eutaw, AL 35462

In Re: *Tripp v. Heritage Mart*

Dear Eleanor:

Please find enclosed an Alabama Court Notification that the Tripp v. Heritage Mart case is set for trial on November 9, 2005 on the merits.

You understand that I have withdrawn from representation because of lack of payment of invoices over the past several months.

Sincerely,

I. Drayton Pruitt, Jr.

IDPjr/bb
Enclosure

EXHIBIT G

## RESOLUTION OF THE BOARD
## OF
## ALABAMA – MISSISSIPPI FARM INC

RESOLVED, at a regular scheduled meeting of the Board it was adopted and approved that the corporate status of the corporation be changed from a C Corporation to a Limited Liability Corporation.

FARTHER RESOLVED, that authorization was given to apply for a B&I Loan on behalf of the Corporation. The Corporation is authorization to use the following properties as collateral:

**The Decatur Farm:** The SW-1/4 of NW-1/4 of Section 3, Township 6 North, Range 12 East: the SE-1/4: the S-1/2 of the NE-1/4; a 38 yard strip of land off of and across the South side of the NE-1/4 of the NE-1/4: all that part of the SE-1/4 of the NW-1/4 lying and being East of Mississippi Highway No. 503, as same now runs; All that part of the NE-1/4 of the SW-1/4 lying and being East of Mississippi Highway No. 503, as the same now runs; and all that part of the SE-1/4 of the SW1/4 lying and being East of Mississippi Highway No. 503, as the same now runs, all in Section 4, Township 6 North, Range 12 East. Less and except, that parcel of land described as follows: Begin at a point in the center of an unpaved public road running in an easterly and westerly direction where said point intersects the east right-of-way line of Mississippi Highway No. 503, and said point being on the South line of the SW-1/4 of SE-1/4 of Section 4, Township 6 North, Range 12 East; from said point of beginning run thence in a Northerly direction along the said East right-of-way line of Mississippi Highway No. 503 a distance of 153 feet, thence run East 284 feet, thence run South 210 Feet, more or less, to the South line of said SW-1/4 of SE-1/4; thence run West 284 feet, more or less, to said point of beginning. Said property being in the SW-1/4 of the SE-1/4 and SE-1/4 of SW-1/4 of said Section 4, Township 6 North, Range 12 East. Said property containing 321-1/2 acres, Newton County, Mississippi.

**The Feed Lot:** Commencing at the point of intersection of the South boundary line of Section 36, Township 12 North, Range 18 East, Kemper County, Mississippi, with the center line of the local public road, which point is on or near the Southwest corner of Section 36 aforesaid; run thence east for a distance of 30 feet to a fence corner on the east line of the said public road, which shall be the point of beginning of this description; from this point of beginning run north 1 degree 30 minutes east along a fence on the east line of said public road for a distance of 2,640 feet; run thence east for a distance of 1,320 feet; run thence south 1 degree 30 minutes west for a distance of 2,640 feet, and to a fence on the south boundary line of Section 36 aforesaid; run thence west along said fence for a distance of 1,320 feet, and back to the point of beginning.

8361 61  AUG 23 G

Being eighty (80) acres in the west ½ of the southwest ¼, and the east ½ of the southwest ¼, all in Section 36, Township 12 North, Range 18 east 18 east, Kemper County, Mississippi.

INDEX IN:  Part West ½ of southwest ¼, and the east ½ of the southwest ¼, Section 36, Township 12 North Range 18 East, Kemper County, Mississippi.

FARTHER RESOLVED, that Booker Grantham is authorized to file a copy of the LLC Corporation with the Mississippi Secretary of State's Office

I Booker Grantham, do hereby certify that I am the duly elected Treasurer of the Corporation organized and existing under the laws of the State of Mississippi, and that the above is a true and correct copy of a resolution duly adopted at a meeting of the Board of Directors thereof, convened and held in accordance with law and the Bylaws of said Corporation on November 14, 2005, and that such resolution is now in full force and effect.

  · IN WITNESS WHEREOF, I have affixed my name as Treasurer of said Corporation, this 14th day of November 2005.

Treasurer

MGR

N.A. MG. FARMS, LLC. (ACCEPTED)

State of Alabama

County of Greene

Witness my hand and Notary seal this _____ day of _____, 2005.

Notary Public
My Commission Expires: _____

MY COMMISSION
EXPIRES
JANUARY 19, 2009

036151 AUG 23 07

Business ID: 889422
Date Filed: 08/23/2007 01:13 PM
Eric Clark
Secretary of State

F0101 - Page 1 of 2

OFFICE OF THE MISSISSIPPI SECRETARY OF STATE
P.O. BOX 136, JACKSON, MS 39205-0136   (601) 359-1333
Certificate of Amendment

The undersigned corporation, pursuant to Senate Bill No. 2395, Chapter 402, Laws of 1994, hereby executes the following Certificate of Amendment and sets forth:

1. Name of the Limited Liability Company

ALABAMA- MISSISSIPPI FARMS, LLC

2. The future effective date is
(Complete if applicable)     8/23/07

3. The amendment to the certificate is as follows

ADD RESOLUTION - ATTACHED

By:  Signature               (Please keep writing within blocks)

Brucd Sch

Printed Name   BRUCE L. JOHNSON      Title   MANAGER

Street and Mailing Address

Physical
Address      163 MAYERVILL, APT # 9

P.O. Box     62

City, State, ZIP5, ZIP4    MAYERVILLE      MS     39 11   3

Rev. 01/96

836151 AUG 23 07

Business ID: 889422
Date Filed: 09/29/2009 08:00 AM
C. Delbert Hosemann, Jr.
Secretary of State

**F0101 - Page 1 of 2**

**OFFICE OF THE MISSISSIPPI SECRETARY OF STATE**
P.O. BOX 136, JACKSON, MS 39205-0136    (601) 359-1333
**Certificate of Amendment**

The undersigned corporation, pursuant to Senate Bill No. 2395, Chapter 402, Laws of 1994, hereby executes the following Certificate of Amendment and sets forth:

1. Name of the Limited Liability Company

ALABAMA-Mississippi Farms, LLC

2. The future effective date is
   (Complete if applicable)        N/A

3. The amendment to the certificate is as follows

NOTICE OF DISASSOCIATION OF MEMBERS OF THE DEACH GROUP FOR VIOLATION OF MISS. CODE ANNO. 79-29-807 (1)(B), (V), AND (E) I.e., FILING A VOLUNTARY BANKRUPTCY PETITION, FILING A PETITION IN SUMTER COUNTY ALABAM TO REORGANIZE FINANCIAL AFFAIRS, FILING A FALSE DEED IN SUMTER COUNTY ALABAMA.

By:    Signature                                        (Please keep writing within blocks)

Printed Name    BRUCE L. JOHNSON       Title   MANAGER

Street and Mailing Address

Physical Address    163 RIDELY STREET

P.O. Box    6862

City, State, ZIP5, ZIP4    MAYERSVILLE    MS    3911-3

Rev. 01/96

2013-10-07  1:45          REACH          >>



**STATE OF MISSISSIPPI**
**COUNTY OF NEWTON**

MID     305     147
Received in Minute Book and Page
01/19/2006  11:45:25 M
Murray T. Harvey Jr
Chancery Clerk
Newton County, MS

## QUITCLAIM DEED

The Grantor, William Harrison, Conveys and Quitclaims all of his rights, title and interest, if any, to Alabama-Mississippi Farms, LLC

For the sum of One Dollar ($1.00) the receipt of which is hereby acknowledged, all interest, title and rights, if any, in the following described real estate situated in the county of Newton, State of Mississippi, to wit:

The SW-1/4 of NW-1/4 of Section 3, Township 6 North, Range 13 East; the SE-1/4; the S-1/2 of the NE—1/4; a.30 yard strip of land ext of and across the South side of the NE-1/4 of the NE-1/4; all that part of the SE-1/4 of the NW-1/4 lying and being East of Mississippi Highway No. 503, as same now runs; All that part of the NE-1/4 of the SW-1/4 lying and being East of Mississippi Highway No. 503, as same now runs; and all that part of the SE-1/4 of the SW-1/4 lying and being East of Mississippi Highway No. 503, as the same now runs, all in Section 4, Township 6 North, Range 13 East. LESS AND EXCEPT, that parcel of land described as follows: Begin at a point in the center of an improved public road running in an easterly and westerly direction whose said point is located on the east right-of-way line of Mississippi Highway No. 503, and said point being on the South line of the SW-1/4 of SE-1/4 of Section 4, Township 6 North, Range 13 East; from said point of beginning run thence in a Northerly direction along the said East right-of-way line of Mississippi Highway No. 503 a distance of 153 feet, thence run East 204 feet, thence run South 210 feet, more or less, to the South line of said SW-1/4 of SE-1/4; thence run West 204 feet, more or less, to said point of beginning. Said property being in the SW-1/4 of SE-1/4 and SE-1/4 of SW-1/4 of said Section 4, Township 6 North, Range 13 East. Said property containing 321-1/2 acres, Newton County, Mississippi.

This Quitclaim Deed is subject to all Easements of record and they are hereby incorporated herein by reference.

This, the _16th_ day of June, 2006.

_____William Harrison_____ (SEAL)
**WILLIAM HARRISON**

STATE OF North Carolina, Rowan COUNTY.
I, a Notary Public of the County and State aforesaid, certify that WILLIAM HARRISON Grantor, personally appeared before me this day and acknowledged the Execution of the foregoing instrument. Witness my hand and official stamp or seal, this _16th_ day of June, 2006.

My Commission expires:    10-20-2007        _Lichica Michelle_
                                            Notary Public

IN THE CIRCUIT COURT OF NEWTON COUNTY, MISSISSIPPI

ALABAMA-MISSISSIPPI FARMS, INC., ET. AL.

V

10-CV-230-NUM-G

BRUCE JOHNSON, ET. AL.

### JUDGMENT

This action came on before the Court on this date having been set on this day on

the Court's own motion, and the below named defendants failed to appear;

It is therefore ordered and adjudged that the plaintiff Alabama-Mississippi Farm,

Inc., are hereby granted judgment against the below named defendants

_MICHAEL KING & BRUCE JOLINSON_

on the claims of slander of title and conspiracy to slander title. _The claim against_
_William Harrison is dismissed._
The plaintiffs are granted Ten Dollars ($10.00) nominal damages.

So ordered this __5__ day of _April_ , 2011.

_____
CIRCUIT COURT JUDGE

SUBMITTED BY
LESLIE GATES
ATTORNEY FOR PLAINTIFFS
MISSISSIPPI BAR # 4770
103 SHIELDS BUILDING
906 20TH AVENUE
MERIDIAN, MISSISSIPPI 39301
601-693-5967

FILED

9:45
MARLENE HUDSON CIRCUIT CLERK

IN THE CIRCUIT COURT OF NEWTON COUNTY, MISSISSIPPI

ALABAMA-MISSISSIPPI FARMS, INC., ET. AL.

V

BRUCE JOHNSON, ET. AL.

$1D - cV-230 Nw-G

JUDGMENT OF DISMISSAL
WITH PREJUDICE

This action came on before the Court on this date having been set on this day on

the Court's own motion, and the below named defendants failed to appear;

It is therefore ordered and adjudged that the claims of the following defendants as

set out in the defendants' counterclaim are dismissed, to-wit:  w/ prejudice.

MICHAEL KING + BRUCE JOHNSON.

So ordered this ___ day of _____ Ciprof _____, 2011.

_____
CIRCUIT COURT JUDGE

SUBMITTED BY
LESLIE GATES
ATTORNEY FOR PLAINTIFFS
MISSISSIPPI BAR # 4770
103 SHIELDS BUILDING
906 20TH AVENUE
MERIDIAN, MISSISSIPPI 39301
601-693-5967

FILED

TIME
NANCY DARLENE KIDD CIRCUIT CLERK
BY Donna Hutchins

IN THE CHANCERY COURT OF LAUDERDALE COUNTY, MISSISSIPPI

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

---

Alabama-Mississippi Farm, Inc.,                                    Case No.
Heritage Real Estate Investment, Inc.,
Apostolic Advancement Association, and
Luke Edwards
          Plaintiffs

    v.

William Harrison,
Michael King, and
Estate of Bruce Johnson c/o Christopher D. Warren, Administrator
          Defendants

---

## COMPLAINT

---

COME NOW PLAINTIFFS, Alabama-Mississippi Farm, Inc. (AL-MS Farm, Inc.), Heritage Real Estate Investment, Inc. ("Heritage"), Apostolic Advancement Association ("AAA"), and Luke Edwards ("Edwards") and bring this action against the Defendants William Harrison, Michael King, and the Estate of Bruce Johnson, c/o Christopher D. Warren, Administrator ("Defendants"). The actionable conduct of Defendants constitutes violations of 18 U.S.C. §§1961,1962,1964 and Mississippi Code 97-43-3 et seq. In support of this action, Plaintiffs state as follows:

1

## I.  JURISDICTION AND VENUE

1.      This court has jurisdiction over this matter pursuant to 28 U.S.C.§§ 157 and 1384, [and 11 U.S.C.§ 1112].  This matter constitutes a core proceeding pursuant to 28 U.S.C.§ 157(b). Venue is proper as acts described below, affecting property and litigation in this District, were performed within this District.  Under the local action doctrine the venue amendments under both jurisdiction and venue also lie in this District also lie even after the venue amendments under 28 U.S.C. §1391(a)(2).

## II.    PARTIES

2.      Plaintiff Alabama-Mississippi Farm, Inc. is a business organization having its principal office and place of business at 312 Hyde Park Ave., Eutaw, Alabama 35462 ("AL-MS Farm Inc.").

3.      Plaintiff Heritage Real Estate Investment, Inc. is an Alabama corporation formed for the purpose of real estate investment activities and having its principal office and place of business at 312 Hyde Park Ave., Eutaw, Alabama 35462("Heritage").

4.      Plaintiff Apostolic Advancement Association is a 501(d) not for profit religious organization having its principal office and place of business at 312 Hyde Park Ave., Eutaw, Alabama 35462 ("AAA").

2

5.    Plaintiff Luke Edwards, Bishop of Apostolic Assemblies and ex officio Chairman of the Board of AAA, has his principal office and place of business at 312 Hyde Park Ave., Eutaw, Alabama, 35462, where he also resides ("Edwards)".

6.    Defendant William Harrison is a citizen of Alabama and resides at 124 Knollwood Boulevard, Montgomery, Alabama 36117-3714.

7.    Defendant Michael King is a citizen of North Carolina and resides at 502 East Fisher Street, Salisbury, North Carolina, 28144.

8.    Bruce Johnson, deceased in 2019, was a citizen of Mississippi and resided at 439 Northside Drive, Jackson, Mississippi, 39206.  On information and belief, Bruce Johnson died in April 2019 and his estate may be substituted. Estate of Bruce Johnson, c/o Christopher D. Warren, Administrator is named a defendant and is in Hinds [Madison] County, Mississippi, Chancery Court, (hereinafter referred to as "Bruce Johnson").

9.    AAA's and Heritage's affiliates Alabama-Mississippi Farm, Inc. and Reach, Inc. owned real property in Newton County and Kemper County, Mississippi.  The Oakland, Mississippi beef processing plant to be acquired by AAA and affiliates is located in Yalobusha County.

### III. STATEMENT OF FACTS

ALABAMA-MISSISSIPPI FARM LLC AS CRIMINAL ENTERPRISE

3

4814-5095-6409v8
2946127-000001 10/22/2019" "" 4814-5095-6409v8
2946127-000001 10/18/201910/22/2019

10.    William Harrison, an employee of Alabama-Mississippi Farm, Inc., attended a closing in June 1992, where he was to oversee the transfer of title to certain real property, the Newton County property, to his employer's entity Alabama-Mississippi Farm, Inc.  Instead of seeing to the transfer of the property to the entity belonging to his employer, Harrison caused his name "William Harrison" to be affixed to the deed as "grantee" rather than Alabama-Mississippi Farm, Inc., which should have been the stated grantee(See attached Exhibit A).

11.    William Harrison's name remained on the deed as grantee from June 8, 1992 until June 16, 2006, when Bishop Luke Edwards of AAA demanded that William Harrison correct the misstatement of the grantee and transfer the property back to Alabama-Mississippi Farm, Inc. William Harrison purported to agree to the transfer.  However, beginning at least by August 2007, instead of completing a legitimate transfer, transferring the property back to Alabama-Mississippi Farm, Inc., William Harrison, Michael King, and Bruce Johnson colluded to use the occasion to transfer title to an entity of their own making and choosing - the Alabama-Mississippi Farms, LLC - through the quitclaim deed executed by William Harrison.  Title thus transferred to this new LLC, which entity became a criminal enterprise used by the Defendants to claim title to the Newton County property.

12.    Michael King and/or his agents prepared the quitclaim deed.  The quitclaim deed, a copy of which is attached hereto as Exhibit B, purports to transfer title from William Harrison to Alabama-Mississippi Farms, LLC.  Once William Harrison executed the quitclaim deed to

4

Alabama-Mississippi Farms, LLC, Bruce Johnson then used the fraudulent instrument executed by William Harrison to claim ownership of the Newton County and later the Kemper County properties. Moreover, Bruce Johnson traveled to the property and notified occupants they were required to leave the property. Bruce Johnson attempted to remove the caretaker from the Newton County property and the Kemper County property.

13.    The execution and recording of the quitclaim deed by William Harrison transferred title to the new LLC, Alabama-Mississippi Farms LLC, which entity had been created when Bruce Johnson fraudulently filed a corporate resolution with the Mississippi Secretary of State on August 23, 2007. In fact, on November 14, 2005, a resolution was passed by the board of AAA regarding Alabama-Mississippi Farms, Inc., stating that Booker Grantham is authorized to file a copy of the resolution with the Mississippi Secretary of State's office in order to convert the then C Corporation to an LLC. On August 23, 2007, almost two years later, Bruce Johnson without the knowledge or consent of the AAA board affixed his name to a copy of the resolution previously signed by Booker Grantham and then without the knowledge or consent of either the board or Booker Grantham filed the altered resolution with the Mississippi Secretary of State (See attached Exhibit C).

14.    By filing the resolution with the Mississippi Secretary of State, Bruce Johnson thereby created another legal entity Alabama - Mississippi Farm LLC and fraudulently used the tax I.D. number of Alabama - Mississippi Farm, Inc. Johnson asserts his use of the tax I.D.

5

number was granted in the November 14, 2005 resolution.  However, Johnson was nowhere mentioned in the resolution.  Johnson affixed his own signature with no authorization from the AAA Board perpetrating, by forgery and other acts, a fraud constituting racketeering activity.

15.    In a lawsuit subsequently filed in on              2011 against AAA, Alabama-Mississippi Farms, Inc., Heritage, Edwards, and all AAA Board Members in the Circuit Court of Greene County, Alabama, William Harrison, Michael King, and Bruce Johnson, in an effort to continue their conspiracy and extort monies, asserted that AAA, Heritage and others had breached an agreement for the development of Southeastern Regional Economic Development Food project centered on on the Oakland, Mississippi beef processing plant to be acquired.  See attached Exhibit D.  William Harrison, Michael King, and Bruce Johnson contended the project was based upon an oral agreement whereby AAA agreed to grant Bruce Johnson an equity interest in the Newton County and Kemper County properties.  No such agreement ever existed.  The same claims prior to any default judgment had earlier on             been dismissed with prejudice as counterclaims that Harrison, King, and Johnson had asserted in a quiet title action filed by some of the Plaintiffs here in Newton County, Mississippi and had sought in that action to add Like Edwards as a third party counterclaim defendant.

16.    But not only did Defendants claim an oral agreement, they claimed that certain real properties belonging to Plaintiffs AAA and Heritage (the Newton County and Kemper County properties) were pledged as collateral for the project.  Defendants asserted in their

6

complaint that AAA and Heritage pledged real properties belonging to the LLC owned by Defendants for a share in the LLC which had been fraudulently created by William Harrison, Michael King, and Bruce Johnson. Had AAA and Heritage - Plaintiffs here - made such a pledge, they would have been pledging for a share in their own properties. Their assets were the only assets in the LLC. Defendants William Harrison, Michael King, and Bruce Johnson owned nothing. There was no evidence either of any agreement regarding the project or of any pledge of the real properties as collateral to satisfy any debts. These were among the claims dismissed with prejudice in Mississippi.

17.    Moreover, the board of AAA rejected the Business Model Feasibility Study presented by Johnson and the other Defendants. When AAA rejected the proposal, Defendant Johnson had attached to the feasibility study a non-disclosure and confidentiality provision that he then used in the Alabama lawsuit to claim misappropriation of trade secrets and breach of a confidentiality agreement. These were among the claims dismissed with prejudice in Mississippi.

18.    In that Alabama litigation, Bruce Johnson further contended that the Newton County and Kemper County properties were transferred to the project and transferred to his new LLC by a the AAA Board resolution agreement which Johnson recorded without authorization. The resolution, however, gave Bruce Johnson no authority. The resolution only authorized Booker Grantham to sign and record the resolution. Therefore, the Alabama-Mississippi Farms,

7

LLC is an entity fraudulently created by Bruce Johnson, in collusion with William Harrison and Michael King, through the filing of a corporate resolution, which he, Bruce Johnson, was not authorized to file. These were among the claims dismissed with prejudice in Mississippi.

## ACTS IN FURTHERANCE OF SCHEME TO DEFRAUD PLAINTIFFS

19.    The acts of Defendants are predicate acts forming a pattern of racketeering activity, using mail and wire communications and forgery, to discuss, formulate, and execute a scheme to defraud Plaintiffs and to collect an unlawful debt:

(1)    The alteration, forgery, and misappropriation of a AAA resolution in direct contradiction to the instructions of Luke Edwards.

(2)    The creation of an LLC, a new corporate entity, without authorization, under the control of Bruce Johnson in order to divert the ownership of the Newton County and Kemper County properties.

(3)    The preparation of a quitclaim deed by Michael King transferring the property to the fraudulent LLC entity wrongfully created by Bruce Johnson.

(4)    The recording by Bruce Johnson of the board resolution with the Mississippi Secretary of State without the knowledge or consent of Booker Grantham or the AAA Board to vest title in the LLC entity created by Bruce Johnson

(5)    The pursuit in litigation, including the Alabama litigation, and continuing into the instant bankruptcy proceedings, efforts to continue their conspiracy and extort payment.

8

20.    All of these acts were acts in furtherance of a scheme to defraud Plaintiffs of their properties.

21.    As a direct result of the actions of Defendants, Plaintiffs have suffered grievous losses from the fraudulent and unlawful acts and conduct of the Defendants herein, such as the loss of extremely valuable real estate assets, the loss of credit, having to file a Chapter 11 bankruptcy, now converted to a Chapter 7 bankruptcy, and loss of standing with other investors and potential investors.

## ALL OF THE ABOVE ACTIONS AND OTHERS BY DEFENDANTS CONSTITUTE AN ASSOCIATION-IN-FACT CRIMINAL ENTERPRISE

22.    Defendants William Harrison, Michael King, and Bruce Johnson have through their own fraudulent conduct and unscrupulous means obtained a judgment in the amount of $6,599,648.00 against the Plaintiffs herein in case No. CV 2010 -32 filed in the Circuit Court of Greene County, Alabama.  See attached Exhibit D.  A Default Judgment was issued on August 25, 2011, see attached Exhibit E, and an appeal was denied on October 18, 2013 in Luke Edwards, et al. v. Bruce L. Johnson et al., Case No. 1120569 (Al. Sup. Ct.).  See attached Exhibit F.  The case was filed with the assistance of an attorney who had previously represented the Plaintiffs here, one Drayton Pruitt.  Defendants devised a scheme to defraud Plaintiffs here through trumped up claims of breach of contract and infringement of intellectual property and a confidentiality agreement.  Defendants devised a scheme whereby they might charge Plaintiffs

9

for feasibility studies prepared in connection with the possible purchase of a beef processing plant in Oakland, Mississippi. The supposed obligation was created during the time that Defendants were employees or consultants of Plaintiffs, thereby attempting to charge Plaintiffs twice for services performed while in the employ of Plaintiffs.

23.     However, Defendants were originally sued by current plaintiff Alabama-Mississippi Farm, Inc. and others in the Chancery Court of Newton County, Mississippi, see attached Exhibit G, which rendered judgment against Defendants, including an injunction against interfering with Alabama-Mississippi Farm, Inc.'s property. No appeal occurred. See attached Exhibit H.

24.     Defendants originally brought their Alabama case claims as counterclaims in the title action brought in Newton County, Mississippi in 2010 by some of the Plaintiffs herein. See Exhibit I. The Court in Case No. 10-CV-230-NWG, granted judgment to plaintiffs and against Defendants here. See attached Exhibit J. The Court also dismissed with prejudice these Defendants' counterclaims (despite Affidavits by Michael King and Bruce Johnson), providing a res judicata or collateral estoppel defense to the Alabama case but for the default judgment, which resolved none in the asserted claims on the merits. No appeal of the dismissal occurred. See attached Exhibit K.

25.     Based upon these actions, Defendants William Harrison, Michael King, and Bruce Johnson are members of a RICO Criminal Enterprise (association-in-fact) composed of

10

members who, at all times herein relevant, were and still are agents for one another, and acting under the course and scope thereof, with knowledge and consent of each other in furtherance of a RICO enterprise to defraud Plaintiffs and deprive Plaintiffs of property through racketeering activities and through a Mississippi corporation known as Alabama-Mississippi Farms, LLC, and through their individual activities taken in concert, falsely filing allegations in court as to breach of contract, theft of intellectual property and other claims, and continuing in these bankruptcy proceedings to try to continue their conspiracy and extort payments.

26. Plaintiffs herein aver that all Defendants William Harrison, Michael King, and Bruce Johnson agreed and conspired and developed an understanding and intent to deprive Plaintiffs of their money, efforts, expenses, and resources.

27. In fact, Defendants William Harrison, Michael King, and Bruce Johnson knew that Plaintiffs were laymen who had built an organization through hard work and dedication, but as such were not skilled attorneys or financial consultants. Defendants were skilled attorneys or consultants who used those skills to infiltrate and gain control of Plaintiffs' enterprise and then transferred property of that enterprise to a Criminal Enterprise (association in fact) to their advantage and concocted other baseless claims in litigation.

28. Moreover, Defendants concealed from Plaintiffs prior fraudulent acts committed by Defendants. William Harrison is the former Director for SCDF Loan and Technical Assistance Fund, Inc. located in Lafayette, Louisiana. He was terminated from this position for

11

embezzling more than $200,000.00 and was subsequently prosecuted and convicted. Michael L. King was a formerly licensed attorney in the state of North Carolina who was disbarred for bank fraud. See The North Carolina State Bar v. Michael L. King, et al., 04DHC 52 (Order of Discipline, NC Bar Disciplinary Hearing Commission, Sept. 30, 2005). Bruce Johnson was formerly a licensed attorney in the State of Mississippi who was disbarred for stealing money belonging to his clients. See Mississippi Bar v. Bruce L. Johnson, Cause No. 95-B-798 (Supreme Court Complaint Tribunal, Dec. 8, 1995).

29.    Defendants' involvement with the Plaintiffs in this matter was thus a continuation of previous criminal activity, with specific acts of theft and fraud all occurring within ten years of their fraudulent acts here, accomplished by mail and wire fraud or forgery. Defendants William Harrison, Michael King, and Bruce Johnson acted pursuant to a scheme and artifice for the purpose of obtaining money and property by means of false or fraudulent pretenses. Specifically, they each participated in the scheme to defraud Plaintiffs Alabama-Mississippi Farms, Inc., Apostolic Advancement Association, Heritage Real Estate Investment, Inc., and Luke Edwards to gain ownership and control of properties and monies belonging to Plaintiffs.

30.    Throughout the respective bankruptcy proceedings involving Alabama-Mississippi Farm, Inc. and Heritage Real Estate Investment, Inc., Defendants have continued their course of conduct and scheme, still conspiring together to extort at least $10,000,000 by

12

filing proofs of claim and undertaking maneuvers in court to affirm their claim and execute against one or more of the Plaintiffs herein.

31.     Alabama-Mississippi Farm, Inc. filed bankruptcy on March 31, 2016. Thereafter, one or more of the Defendants herein undertook the following acts of conspiracy and ~~confirmation~~ continuation of the scheme among others:

(1)     On June 3, 2016, Bruce Johnson and William Harrison filed a Motion for Relief from the Stay as to all assets of the Debtor, which was denied on September 26, 2016;

(2)     On February 3, 2017, William Harrison objected to the Trustee's Motion to sell Property Free and clear of Liens;

(3)     On October 31, 2017, William Harrison filed a Motion to Pay Claim, which on November 13, 2017, was objected to by the Trustee and on December 8, 2017, was responded to by the Trustee;

(4)     On February 19, 2018, William Harrison filed a Motion to Modify the Automatic Stay and Motion for Division of Claim;

(5)     On April 1, 2018, William Harrison filed a Motion for Payment of Claim, which was denied on July 31, 2018;

(6)     On April 30, 2019, William Harrison filed a Motion for Payment of Claim, which was granted as July 18, 2019 by Agreed Order;

13

32.    Heritage Real Estate Investment, Inc. filed bankruptcy on November 6, 2014. Thereafter one or more of the Defendants herein undertook the following acts of conspiracy and continuation of the scheme, among others:

(1)    On December 11, 2014, Bruce Johnson filed a Motion to Dismiss Debtor;

(2)    On December 29, 2014, William Harrison filed an Amended Motion to Dismiss Debtor, which was denied on January 21, 2015;

(3)    On March 28, April 14, and April 27, 2016, William Harrison filed a Motion and Document, which were respectively denied on March 18 and stricken on June 10, 2016;

(4)    On December 28, 2017, Bruce Johnson filed an Opposition to the Chapter 7 Trustee Motion for Reduction in Claim;

(5)    On January 24, 2018, Bruce Johnson filed a Document re Objection to Claim filed by Trustee;

(6)    On February 19, 2018, William Harrison filed a Motion to Modify Automatic Stay and Motion for Division of Claim;

(7)    On March 29, 2018, the Court sustained Trustee's Objection to Proof of Claim No. 11 filed by Bruce Johnson, Proof of Claim No. 13 filed by William Harrison, and Proof of Claim No. 2 filed by William Harrison, Bruce Johnson, and Michael King, over opposition by the Defendants.

14

## COUNT I.

VIOLATION OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
ACT (RICO) THROUGH MAIL AND WIRE FRAUD, 18 U.S.C. 1341 and 1343, 18 U.S.C.
1962, and MS Code 97-43-5 et seq.

33.    Plaintiffs re-allege and incorporate all of the above allegations as if fully stated

verbatim herein.

34.    RICO prohibits a person "employed by or associated with any enterprise engaged

in, or the activities of which affect, interstate commerce from conducting such enterprise's

affairs through a pattern of racketeering activity". Defendants herein have caused to be delivered

by mail and wire, a deed purporting to transfer the Newton County property from William

Harrison to the LLC entity controlled by Defendants, the Alabama-Mississippi Farm, LLC, a

criminal enterprise. Defendants have also caused to be transferred and forwarded by mail and

wire a resolution signed and recorded by Bruce Johnson which resolution Bruce Johnson had no

authority to either sign or record. The mail fraud statute applies to anyone who knowingly

causes to be delivered by mail anything for the purpose of executing any scheme or artifice to

defraud. Similarly, wire fraud involves the use of, or causing the use of, wire communications in

furtherance of a scheme or artifice to defraud. Once membership in a scheme or artifice to

defraud is established, a knowing participant is liable for any mail or wire communication which

subsequently takes place or which previously took place in connection with the scheme.

15

35.    Plaintiffs allege that Defendants William Harrison, Michael King, and Bruce Johnson have engaged in a scheme to defraud through predicate acts for which the use of the mail or wires was reasonably foreseeable. All Defendants William Harrison, Michael King, and Bruce Johnson operated as a cohesive unit. The association in-fact enterprise's common purpose targeted ways to infiltrate and deceive the Apostolic Advancement Association community and its commercial affiliates and others in order to acquire their assets and property. Each predicate act reveals a scheme to gain ownership and control of Plaintiffs' assets of real property and monies through the scheme to defraud and acts to collect an unlawful debt. Defendants masqueraded as employees, acting on false pretenses as friends of the community while conspiring to find means to gain control of Plaintiffs' assets and property.

36.    Predicate acts and crimes of mail and wire fraud are committed when the mails or wire communications are used as part of a scheme or artifice to defraud.

37.    The mail and wire fraud statutes proscribe two different offenses. The first is acting pursuant to a scheme or artifice to defraud. The second is acting pursuant to a scheme or artifice for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises. Plaintiffs have alleged both types of schemes in this case.

38.    As a direct and proximate result caused by Defendants William Harrison, Michael King, and Bruce Johnson's conduct toward Plaintiffs, Plaintiffs have sustained substantial economic losses:

16

(1) being forced into Chapter 11 – now Chapter 7 - bankruptcy in the cases of Alabama-Mississippi Farms, Inc. and Heritage Real Estate Investment, Inc..

(2) losing a valuable asset of 321 acres known as the Decatur, Mississippi property (321 acres SW ¼ of NW ¼ of Section 3, Township 6 North, Range 2 East commonly known as Decatur Farm located in Newton County Mississippi) which property was sold on May 19, 2017 at auction for $726,000.00;

(3) losing a valuable real estate asset in the form of [Kemper County description];

(4) having to apply those proceeds to potentially satisfy a six million dollar judgment (now over ten million dollars including interest) in the Alabama litigation and other costs in the Alabama litigation;

(5) loss of other business opportunities and investments;

(6) loss of business reputation.

## COUNT II.

### VIOLATION OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO), 18 U.S.C. 1962(a), and MS CODE 97-43-3 et seq.

39.     Plaintiffs re-allege and incorporate all of the above allegations as if fully stated verbatim herein.

40.     RICO renders criminally and civilly liable "any person" who uses or invests income derived "from a pattern of racketeering activity" to acquire an interest in or to operate an

17

enterprise engaged in interstate commerce.  Under Section 1962(a), anyone who acquires or maintains an interest in or control of such an enterprise "through a pattern of racketeering activity" is liable.

41.    Plaintiffs allege that they have provided a factual foundation  through this Complaint, showing, among other things, the existence of a corporate criminal enterprise Alabama-Mississippi Farms, LLC, as well as a criminal enterprise (association-in-fact) under a pattern of racketeering activity used to infiltrate, control, or operate "a[n] enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."

42.    Plaintiffs allege that, in violation of § 1962(a), as well as MS Code 97-43-3 et seq., Defendants William Harrison, Michael King, and Bruce Johnson also have sought to obtain income by filing fraudulent claims in excess of $10,000,000.00 in the bankruptcies filed by Plaintiffs Heritage and Alabama-Mississippi Farm Inc. herein, continuing their conspiracy and scheme.  Defendants have derived income from a pattern of racketeering activity involving predicate acts and theft of property in interstate commerce and used this income to engage in its business as an interstate enterprise both through Alabama-Mississippi Farms, LLC, and their criminal enterprise (association in-fact). This additional pattern of racketeering activity was an intentional scheme and artifice to defraud, calculated to cause and causing damages to Plaintiffs.

18

43.    As a direct and proximate result caused by Defendants William Harrison, Michael King, and Bruce Johnson's conduct toward Plaintiffs, Plaintiffs have suffered substantial damages to their business and property as alleged in paragraph 38 supra.

## COUNT III:

VIOLATION OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO), 18 U.S.C. § 1962 (b) and MS CODE 97-43-3 <u>et seq.</u>

44.    Plaintiffs re-allege and incorporate all of the above allegations as if fully stated verbatim herein.

### ACTIVITIES GEARED TOWARD GAINING CONTROL OF THE ENTERPRISE

45.    Plaintiffs allege a violation of § 1962(b), as well as MS Code 97-43-3 <u>et seq.</u> in that all Defendants were resolute on engaging in criminal activity and seizing control of otherwise legitimate entities and used the entities' resources to commit crimes they otherwise could not do.  Plaintiff has shown these Defendants acquired and or maintained control over the Alabama-Mississippi Farm LLC enterprise through racketeering activity and then sought control over AAA activities.

46.    Defendants William Harrison, Michael King, and Bruce Johnson fraudulently acquired an interest in or control of the Alabama-Mississippi Farms, LLC and William Harrison,

19

Michael King, and Bruce Johnson exerted that control to defraud Plaintiffs of their assets and property based on a pattern of racketeering activities .

47.    Defendants also saw the success of Plaintiffs' businesses and sought through their criminal enterprise (association in-fact) to gain control of Plaintiffs' very successful enterprise through AAA. Defendants came to Plaintiffs in sheep's clothing. Bruce Johnson, who was down on his luck financially, destitute and homeless, approached Bishop Luke Edwards looking for a place to stay. In exchange for a place to stay, food to eat, transportation and personal items, Johnson agreed to work for Apostolic Advancement Association. This work included the services upon which Johnson and the other Defendants eventually sued AAA and the other Plaintiffs for monetary damages and other relief. They continue to act in conspiracy and furtherance of their scheme.

48.    When the AAA Board rejected their proposals, William Harrison, Michael King, and Bruce Johnson went ahead with the plan anyway without any authorization from the Board. And when the Board would not be intimidated, Harrison, King, and Johnson initially filed counterclaims in the Chancery Court of Newton County, Mississippi, 2009-NO326, subsequently dismissed with prejudice in the Circuit Court of Newton County, Mississippi, 2010-CV-230,2010-CV-230, against Heritage Real Estate Investment Corporation [but not AAA], By And Through The Board Of Directors And Secretary Booker Grantham, Martin Walker, Clifton Dawson, Barry Walker, Kenneth Walker, Martin Crawford And Linda Wilson, Secretary for the

20

Board.  They alleged breach of an alleged agreement to assess and develop the Southeastern Regional Economic Development food project. Harrison, King, and Johnson also claimed in their lawsuit that they had prepared a feasibility study business plan that was proprietary and the property of the newly formed Alabama-Mississippi Farms LLC.  They also sought to dissolve Alabama-Mississippi Farm, Inc., referring to it as a former Alabama corporation.  Defendants there, Heritage and others, prevailed.  Thereafter Defendants here Harrison, King, and Johnson refiled the same claims in Alabama, adding as defendants Alabama-Mississippi, Inc., Apostolic Advancement Association, and Luke Edwards.

49.     The contractual arrangement purportedly centered around a plan to purchase and develop a food-processing complex in Oakland, Mississippi.  Defendant Johnson relied upon an oral agreement as basis for a contract, under the terms of which he claims that he would be retained to research, develop, and implement a regional growth and expansion plan for Apostolic Advancement Association for an advance of $2500.00 to Defendant Johnson, a deposit of $27,500 for additional supplies and expenses; or alternatively Johnson would be entitled to 10% of funds raised or 50% gross from the various expanded enterprises.  Defendant Johnson sought to have the AAA board agree to grant him an equity interest in the project.  No such agreement was forthcoming.  In reality, the Board rejected the proposal.

50.     Defendant Johnson and other Defendants contended that on or about March 5, 2005, the enterprise production component of the plan was completed and presented to Plaintiffs

21

here and specifically Apostolic Advancement Association. Defendants asserted that on or about November 2005, the livestock feed and processing component of the plan was completed. Johnson and others alleged in the complaint that at this point, the $2,500 advance had not been made nor had the $27,000.00 been paid by AAA or Heritage.

51.     The purported oral agreement to prepare a feasibility study/business plan for AAA to purchase a vacant food-processing complex in Oakland, Mississippi. is concocted and fraudulent, a fabrication to justify laying claim to assets and properties belonging to AAA and other Plaintiffs, which properties were the objects of the conspiracy between and among Defendants William Harrison, Michael King, and Bruce Johnson.

52.     Defendant Bruce Johnson and others asserted that because the deposit had not been made into the agreed upon expense account, he refused to proceed further under the terms of the oral proposal until the advance was paid and existing expenses were deducted from the $27,000 that was to be deposited into the expense account.

53.     Defendant Johnson and others alleged that, after his refusal to proceed, it was then agreed by the parties (no written evidence of any sort is offered to support the allegation) that, instead of the Board immediately paying the agreed amount, if Plaintiff AAA would proceed and complete the project, in consideration of Johnson's additional services, the Board and Johnson would enter into a joint venture and form a new corporation and obtain a business loan to acquire

22

the old beef processing facility in Oakland, Mississippi, and accommodate the various transactions to establish the supply chain.

54.    Defendant Johnson and others asserted it was further agreed by the Apostolic Advancement Association Board that Plaintiff AAA's equity would be applied to purchase for him a member management position in the project.   Defendant Johnson can be seen here bootstrapping his position to transfer the equity of Plaintiffs to himself, without any corresponding agreement from AAA or Heritage, and acquire a stake in the legitimate enterprise and transfer that position through his criminal enterprise.   Bruce Johnson claimed title through Alabama-Mississippi Farms LLC to the Newton County and Kemper County properties as consideration for services rendered, a fabrication, an invention from whole cloth in an effort to gain control of assets of the Apostolic Advancement Association and Heritage without any corresponding agreement from Apostolic Advancement Association or Heritage.   This fraud, accomplished by false pretenses and deceit, forms the basis of the racketeering claim.   All Defendants intended to defraud Plaintiffs.  They now in the bankruptcy proceedings continue their conspiracy and scheme.

55.    These acts by Defendants were done with intent, in bad faith, and knowingly in furtherance of a scheme to extort and deprive Plaintiffs of their assets and fee simple ownership interest in certain properties.   Defendants did conspire to convert properties belonging to Plaintiffs to their own use and gain.

23

## A PATTERN OF RACKETEERING ACTIVITY.

56.     Plaintiffs aver that William Harrison, Michael King, and Bruce Johnson's relationship to and conduct with one another form a pattern embracing criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events.

57.     As a direct and proximate result caused by all Defendants' conduct toward Plaintiffs, all Plaintiffs sustained losses and damages, as set forth in Paragraph 38 supra.

### COUNT IV:

### VIOLATION OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO), 18 U.S.C. § 1962 (c) and MS CODE 97-43-3 et seq.

58.     Plaintiffs re-allege and incorporate all above allegations as if fully stated verbatim herein.

### LLC AS RICO ORGANIZATION

59.     Plaintiffs aver that Defendants William Harrison, Michael King, and Bruce Johnson, as "insiders," of the Alabama-Mississippi Farms, LLC organization, used that organization and its resources to commit crimes that they could not have perpetrated on their own.

### AN ASSOCIATION -IN-FACT CRIMINAL ENTERPRISE

24

60.     Alternatively and in addition, these Defendants constituted an association-in-fact criminal enterprise (open ended) and participated in the conduct and affairs of the enterprise through a pattern of racketeering activity, contrary to § 1962(c) and MS Code 97-43-3 et seq. Moreover, Plaintiffs aver that all of the predicate acts referenced herein above had a relationship to each other or to some external organizing principle that renders them "ordered" or "arranged." This was the common purpose.

61.     These factors of continuity of conduct plus relationship combine to produce a pattern that embraces criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics, and are not isolated events. In fact, the events were in no way isolated, but are related in the sense that they all occurred or commenced during or grew out of the same scheme. This scheme was in part to defraud, evict, and otherwise oust Plaintiffs from the Newton County and Kemper County properties and formed a common purpose of Defendants' scheme. The other common purpose carried out by Defendants was to defraud Plaintiffs of their possessions through false pretenses in order to acquire their assets. This common purpose was the central theme and regular way of doing business for the conspirators.

62.     Moreover, Defendants furthered their fraudulent scheme to falsely claim, in the Newton County and then the Alabama litigation, breach of a nonexistent agreement to prepare for and acquire the Oakland, Mississippi beef processing plant and theft of their alleged

25

intellectual property. Efforts in the bankruptcy proceedings to enforce the Alabama judgment, continue the scheme, and their conspiracy. Thus, Defendants sought to (a) acquire property belonging to Plaintiffs or (b) gain control of Plaintiffs' businesses to benefit and profit from operation of the criminal enterprise. This fraudulent intent to acquire properties attaches to all Defendants as every act of Defendants was executed in order to have their name placed on Plaintiffs' properties or have Plaintiffs' properties transferred to criminal entities operated by Defendants.

## THE OBJECTIVE OF THE CRIMINAL ENTERPRISES

63.     The objectives of the Alabama-Mississippi Farms LLC enterprise were to (a) acquire the land and assets of Plaintiffs through trickery and deception as follows: (1) William Harrison fraudulently placed his name on the deed as Grantee. (2) Subsequently, Bruce Johnson filed a resolution he was not authorized to file with the Mississippi Secretary of State. (3) Michael King prepared a deed that conveyed property from William Harrison to the criminal enterprise Alabama-Mississippi Farms LLC.

64.     Moreover, in the association in fact enterprise, all three Defendants also sought an interest in property and funds belonging to Plaintiffs based upon fraudulently alleging breach of contract and infringement of intellectual property, among other claims, when none of the

26

Defendants owned any agreed contractual interest in or intellectual property of Alabama-Mississippi Farms Inc., Heritage, AAA, or Luke Edwards.

65.    All Defendants misrepresented their relationship to AAA to the extent that Plaintiffs never promised Bruce Johnson that he would receive a percentage interest in the Newton County and Kemper County properties for his preparation of a feasibility study. Defendants used that misrepresentation to further their scheme through the Newton County counterclaims they filed and thereafter the Greene County, Alabama lawsuit they filed in 2011 and through which Defendants obtained a default judgment of $6,599,648.00. This series of acts in the fraudulent scheme shows that forcing Plaintiffs to pay up was not just incidental but was the object of the collaboration among all Defendants and one that has continued in the bankruptcy proceedings. Defendants were so resolute in perpetrating a scheme to defraud Plaintiffs of their property that they immediately returned to their regular way of doing business-as their previously unknown history of fraud suggests through their prior conviction or disbarment.

STRUCTURE OF THE CRIMINAL ENTERPRISE

66.    Plaintiffs have established the requisite structural features of (1) a criminal enterprise operated by Defendants – the Alabama-Mississippi Farms LLC - and (2) an association-in-fact enterprise by demonstrating that Defendants had (a) a purpose, (b)

27

relationships among those associated with the enterprise, and (c) longevity of conduct and relationship sufficient to permit these Defendants to pursue the enterprises' purposes.

67.    As a direct and proximate result caused by all Defendants' conduct toward Plaintiffs, all Plaintiffs sustained losses and damages as set forth in Paragraph 38 *supra*.

## COUNT V:

### VIOLATION OF RACKETEER INFLUENCED CORRUPT ORGANIZATION (RICO), 18 U.S.C. § 1962 (d) and MS CODE 97-43-3 et seq.

68.    Plaintiffs re-allege and incorporate all above allegations as if fully stated verbatim herein.

## CONSPIRACY

69.    Defendants worked together to accomplish the unlawful purpose of depriving Plaintiffs of their interests in assets of real property and business funds. Defendants worked together to carry out an unlawful purpose. Defendants conspired so as to cause Plaintiffs losses and damages when considering all factors including but not limited to their misrepresentations, false pretenses, and/or omissions. All Defendants manifested a willingness, directly or indirectly, to participate in the frauds herein alleged and conspired together to do so with full knowledge that Plaintiffs would suffer grievous loss in their assets, property, and business.

28

Moreover, these acts done by all Defendants were done to further the object of their conspiracy in direct violation of 18 U.S.C. §§ 1962(a), (b), and (c), thereby violating § 1962(d), and MS Code 97-43-3 et seq.

70.    As a direct and proximate result caused by all Defendants' conduct toward Plaintiffs, all Plaintiffs sustained losses and damages as set forth in Paragraph 38 *supra*.

DAMAGES

71.    As a direct and proximate result caused by Defendants William Harrison, Michael King, and Bruce Johnson's conduct toward Plaintiffs, the Plaintiffs sustained losses to their assets, properties, and business, as set forth in Paragraph 38 and itemized below.  Plaintiffs have shown not only that the Defendants' efforts to defraud Plaintiffs are not only the "but for" cause of  Plaintiffs' injuries and damages, but also that Defendants' schemes to defraud Plaintiffs are also the "proximate cause" of Plaintiffs' injuries and damages and are directly caused by Defendants' alleged violations of federal and Mississippi RICO.   Moreover, Plaintiffs have shown that no other factors — other than the alleged RICO type conduct — contributed to Plaintiffs' injuries.  Plaintiffs have demonstrated that they are the parties best situated to redress the alleged injuries and that no other statutory scheme in place is designed to address the injuries at issue.  The losses and damages suffered as a result of the claims in these Counts are meant to include all categories and types of damages otherwise mentioned in the Complaint, as well as

29

otherwise available pursuant to any laws implicated by the facts and allegations of this Complaint.

## INTENTIONAL ACTS

72.    Defendants' acts were intentional and willful and Defendants actions were calculated to cause damage to Plaintiffs and were done with the unlawful purpose of obtaining wrongfully the assets, property and business funds of Plaintiffs such that actual damages have resulted to Plaintiffs in their assets, property and business. The conduct of Defendants was to further their schemes to acquire illegally Plaintiffs' assets, property and business funds without right or justification on the part of Defendants.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS RESPECTFULLY PRAY that the Court cause service to issue upon the Defendants and that this matter be set for trial on each separate claim(s) in each separate Count. Upon trial by jury, Plaintiffs pray that the following relief be granted separately for each Count, claim, or cause of action against each Defendant:

1.    All pecuniary losses proximately caused by Defendants' unlawful conduct, as well as all other fair compensation for the acts and omissions alleged;

2.    Damages against Defendants in an amount to be determined by the court for losses and damages described above and herein. Those damages include but are not limited to

30

recovery for the following categories of damages, which are sought in the alternative and in addition to each other:

    (a)     compensation for past, present, and future emotional distress or non-economic losses;

    (b)     past, present, and future out of pocket costs and attorney's fees incurred in the Alabama litigation;

    (c)     treble damages for economic injuries suffered as a result of the prohibited RICO conduct;

    (d)     forfeiture of all monies obtained by Defendants through or as a result of the prohibited conduct.

    3.     Any other damages allowed under actions brought pursuant to all above alleged laws, under which Plaintiffs specifically bring this Complaint. Recovery is sought to be calculated based on each separate claim and cause of action individually to the fullest extent possible.

    4.     Plaintiffs each pray for punitive damages in the maximum amount allowed by law.

    5.     Plaintiffs each also claim all costs, pre-judgment interest, post-judgment interest, costs and expenses of this action, expert witness fees, and reasonable attorney's fees.

    6.     Such further relief as the court deems just and proper.

31

## JURY TRIAL DEMAND .

Plaintiff demands a jury trial on all matters raised by the Complaint as respectfully stated

herein pursuant to the U.S. Constitution.

RESPECTFULLY SUBMITTED, this the _____ of October, 2019.

FOR THE PLAINTIFFS,

BAKER DONELSON BEARMAN CALDWELL
    & BERKOWITZ, PC

BY _____

ROBERT E. HAUBERG, JR.
MS Bar 8958
ALAN L. SMITH
MS Bar 10345
P.O. BOX 14167
JACKSON, MS 39211

32

4814-5095-6409v8
2946127-000001 10/22/2019" "" 4814-5095-6409v8
2946127-000001 10/18/201910/22/2019

Phone: (601) 351-2455
Email: rhauberg@bakerdonelson.com

LAW OFFICE OF PAUL ROBINSON

BY: _____

PAUL ROBINSON
TN Bar 014464
3749 MARTY STREET
MEMPHIS, TENNESSEE 38109
Phone: (901)-649-4053
Email: problaw937@hotmail.com

PRO HAC VICE PENDING

33

| Row | Info | Parcel | Name | STR | | Parcel Add | Owner Add |
|---|---|---|---|---|---|---|---|
| 1 | ☒ ⅰ 🗎 | 60 02 05 21 0 | PRUITT, OTIS & C/O REED LAND, LLC | --- | | --- | TRIAL PKWY |
| 2 | ☒ ⅰ 🗎 | 60 02 05 21 0 | PRUITT, KENNETH R. | --- | | --- | DALE DRIVE |
| 3 | ☒ ⅰ 🗎 | 60 02 07 26 0 | PRUITT, DEWEY A. PRUITT, ROBBIE M. | --- | | — | FOREST DR |
| 4 | ☒ ⅰ 🗎 | 60 02 07 36 0 | PRUITT, LISA | --- | | --- | SALEM RD 35 |
| 5 | ☒ ⅰ 🗎 | 60 02 08 28 0 | STANSEL BEN HEIR PROPERTY C/O O( | --- | | — | HOYNE AVE |
| 6 | ☒ ⅰ 🗎 | 60 05 01 12 0 | PRUITT, DAISY ET AL ESTATE OF DEW | --- | | — | P. O. BOX 91 |
| 7 | ☒ ⅰ 🗎 | 60 05 01 12 0 | PRUITT, DEWEY A. PRUITT, ROBBIE M. | 01–19 | | — | REST DRIVE |
| 8 | ☒ ⅰ 🗎 | 60 05 01 12 0 | PRUITT, JOHN GREG | --- | | --- | 40 COURT K |
| 9 | ☒ ⅰ 🗎 | 60 05 01 12 0 | PRUITT, DAISY | --- | | KSON RD 35 | P. O. BOX 91 |
| 10 | ☒ ⅰ 🗎 | 60 05 01 12 0 | PRUITT, DAISY ET AL ESTATE OF DEW | --- | | --- | P. O. BOX 91 |
| 11 | ☒ ⅰ 🗎 | 60 05 01 12 0 | PRUITT, DAISY | --- | | — | P. O. BOX 91 |
| 12 | ☒ ⅰ 🗎 | 60 08 01 11 2 | PRUITT, AARON & BERTHA L. TRUS | --- | | 2 Chestnut St | P. O BOX 86 |
| 13 | ☒ ⅰ 🗎 | 60 08 01 11 2 | PRUITT, AARON & BERTHA L. TRUS | --- | | — | P.O BOX 86 |
| 14 | ☒ ⅰ 🗎 | 60 17 03 06 0 | PRUITT, IRA D., IV | --- | | --- | SUMTER 74 |
| | ☒ ⅰ | | | | | | |

| 15 | | 60 18 01 11 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA | --- | 1470 US 11 N | PO BOX 1037 |
| 16 | | 60 18 01 11 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA | --- | --- | PO BOX 1037 |
| 17 | | 60 18 01 11 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA | --- | --- | PO BOX 1037 |
| 18 | | 60 18 01 11 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | 2 US HWY 11 |
| 19 | | 60 18 01 11 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | 2 US HWY 11 |
| 20 | | 60 18 02 10 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA | --- | --- | PO BOX 1037 |
| 21 | | 60 18 02 10 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | 2 US HWY 11 |
| 22 | | 60 18 02 10 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | 2 US HWY 11 |
| 23 | | 60 18 02 10 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA | --- | --- | PO BOX 1037 |
| 24 | | 60 18 02 10 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA | --- | --- | PO BOX 1037 |
| 25 | | 60 18 03 08 0 | PRUITT, LYNN R. | --- | --- | P. O. BOX 11 |
| 26 | | 60 18 04 17 0 | PRUITT, I. DRAYTON JR. PRUITT, ZINA | --- | --- | PO BOX 1037 |
| 27 | | 60 18 04 20 0 | SPRUIELL, CLEMIT WAYNE | --- | --- | DARRYL ST |
| 28 | | 60 18 05 15 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | 2 US HWY 11 |
| 29 | | 60 18 05 15 0 | PRUITT, IRA D. IV | --- | --- | SUMTER 74 |
| 30 | | 60 18 05 15 0 | PRUITT, MURRAY MILLA | --- | TON STREET | CE BOX 1127 |

| 31 | 60 18 05 16 0 | PRUITT, I. DRAYTON JR. PRUITT, ZINA | --- | --- | PO BOX 1037 |
| 32 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | US HWY 11, |
| 33 | 60 18 05 16 0 | PRUITT, I. DRAYTON JR. PRUITT, ZINA | --- | — | PO BOX 1037 |
| 34 | 60 18 05 16 0 | PRUITT, I. DRAYTON JR. PRUITT, ZINA | --- | --- | PO BOX 1037 |
| 35 | 60 18 05 16 0 | PRUITT, I. DRAYTON JR. ET UX PRUITT | --- | --- | CE BOX 1037 |
| 36 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | O BOX 1037 |
| 37 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | — | O BOX 1037 |
| 38 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | O BOX 1037 |
| 39 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | O BOX 1037 |
| 40 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | O BOX 1037 |
| 41 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | O BOX 1037 |
| 42 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | O BOX 1037 |
| 43 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | O BOX 1037 |
| 44 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | O BOX 1037 |
| 45 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | O BOX 1037 |
| 46 | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | O BOX 1037 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 47 | | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | O BOX 1037 |
| 48 | | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | O BOX 1037 |
| 49 | | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | O BOX 1037 |
| 50 | | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | O BOX 1037 |
| 51 | | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | O BOX 1037 |
| 52 | | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | O BOX 1037 |
| 53 | | 60 18 05 16 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | O BOX 1037 |
| 54 | | 60 18 05 22 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | US HWY 11, |
| 55 | | 60 18 05 22 1 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | 2 US HWY 11 |
| 56 | | 60 18 05 22 1 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | 2 US HWY 11 |
| 57 | | 60 18 05 22 1 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | 2 US HWY 11 |
| 58 | | 60 18 05 22 3 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | 2 US HWY 11 |
| 59 | | 60 18 05 22 4 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | 2 US HWY 11 |
| 60 | | 60 18 06 13 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | 2 US HWY 11 |
| 61 | | 60 18 06 13 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | 2 US HWY 11 |
| | | | | | | |

| 62 | | 60 18 06 13 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | 2 US HWY 11 |
|---|---|---|---|---|---|---|
| 63 | | 60 18 06 14 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | — | 2 US HWY 11 |
| 64 | | 60 18 06 14 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | 2 US HWY 11 |
| 65 | | 60 18 06 14 0 | PRUITT, IRA D. JR. ET UX PAUL MD, MA | --- | --- | 2 US HWY 11 |
| 66 | | 60 18 06 14 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | 2 US HWY 11 |
| 67 | | 60 18 06 14 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | 2 US HWY 11 |
| 68 | | 60 18 06 14 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | 2 US HWY 11 |
| 69 | | 60 18 06 14 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | — | 2 US HWY 11 |
| 70 | | 60 18 06 23 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | 2 US HWY 11 |
| 71 | | 60 18 06 23 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | — | --- | 2 US HWY 11 |
| 72 | | 60 18 06 23 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | 02--21 | --- | PO BOX 1037 |
| 73 | | 60 18 06 23 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | 2 US HWY 11 |
| 74 | | 60 18 07 25 0 | PRUITT, IRA D. ET UX PRUITT, ZINA N. | --- | --- | PO BOX 1037 |
| 75 | | 60 18 07 26 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | — | PO BOX 1037 |
| 76 | | 60 18 08 27 0 | PRUITT, IRA D. JR. ET UX PRUITT, ZINA | --- | --- | PO BOX 1037 |
| 77 | | 60 18 08 33 1 | PRUITT, IRA D. JR ET UX PRUITT, ZINA | --- | — | CE BOX 1037 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 78 | | 60 18 08 33 1 | PRUITT, IRA D. JR ET UX PRUITT, ZINA | --- | --- | CE BOX 1037 |
| 79 | | 60 18 08 34 1 | PRUITT, LYNN R. | --- | RTH STREET | P. O. BOX 11 |
| 80 | | 60 18 08 34 1 | PRUITT, LYNN R. | --- | --- | P. O. BOX 11 |
| 81 | | 60 18 08 34 4 | PRUITT, LYNN R. | --- | --- | P. O. BOX 11 |
| 82 | | 60 19 01 02 0 | PRUITT, IRA D. IV ET UX PRUITT, KITTY | --- | --- | S SUMTER 74 |
| 83 | | 60 19 01 02 0 | PRUITT, IRA D. ET UX PRUITT, KITTY C. | --- | --- | S SUMTER 74 |
| 84 | | 60 19 02 03 0 | PRUITT, IRA D., IV | --- | --- | S SUMTER 74 |
| 85 | | 60 19 02 03 0 | PRUITT, IRA D. IV ET UX PRUITT, KITTY | --- | --- | S SUMTER 74 |
| 86 | | 60 19 02 03 0 | PRUITT, I. DRAYTON IV | --- | --- | S SUMTER 74 |
| 87 | | 60 19 02 10 0 | PRUITT, IRA D. IV ET UX PRUITT, KITTY | --- | --- | S SUMTER 74 |
| 88 | | 60 20 06 13 0 | PRUDE, JAMES ET AL | --- | & MILLVILLE | LVD APT 133 |
| 89 | | 60 20 06 24 0 | PRUDE, JAMES ET AL | --- | --- | LVD APT 133 |
| 90 | | 60 21 08 34 0 | PRUITT, DARRYL | --- | --- | IBELT DRIVE |
| 91 | | 60 22 08 28 2 | PRUITT, PEARL ET. AL. | --- | --- | . O. BOX 303 |
| 92 | | 60 22 08 28 2 | PRUITT, PEARL ET. AL. | --- | --- | . O. BOX 303 |
| 93 | | 60 23 02 04 2 | CUSTOM SHEETING CORPORATION C/ | --- | --- | PO BOX 1037 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 94 | | | 60 23 03 05 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA | --- | --- | CE BOX 1037 |
| 95 | | | 60 23 03 05 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA | --- | --- | CE BOX 1037 |
| 96 | | | 60 23 03 05 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA | --- | --- | CE BOX 1037 |
| 97 | | | 60 23 03 05 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA | --- | --- | CE BOX 1037 |
| 98 | | | 60 23 03 05 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA | --- | --- | CE BOX 1037 |
| 99 | | | 60 23 03 05 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA | --- | --- | CE BOX 1037 |
| 100 | | | 60 23 03 05 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA | --- | --- | CE BOX 1037 |
| 101 | | | 60 23 03 05 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA | --- | --- | CE BOX 1037 |
| 102 | | | 60 23 03 05 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA | --- | --- | CE BOX 1037 |
| 103 | | | 60 23 03 05 0 | PRUITT, IRA D. JR ET UX PRUITT, ZINA | --- | --- | CE BOX 1037 |
| 104 | | | 60 24 05 16 4 | PRUITT, EDWARD REVOCABLE TRUST | --- | --- | VOOD DRIVE |
| 105 | | | 60 24 05 16 4 | PRUITT, EDWARD REVOCABLE TRUST | --- | --- | VOOD DRIVE |
| 106 | | | 60 24 05 16 4 | PRUITT, EDWARD REVOCABLE TRUST | --- | --- | VOOD DRIVE |
| 107 | | | 60 24 05 16 4 | PRUITT, EDWARD REVOCABLE TRUST | --- | --- | VOOD DRIVE |
| 108 | | | 60 24 05 16 4 | PRUITT, EDWARD REVOCABLE TRUST | --- | --- | VOOD DRIVE |
| | | | | | | |

| 109 | 國 | | 60 24 05 16 4 | PRUITT, EDWARD REVOCABLE TRUST | --- | --- | VOOD DRIVE |
| | 反 | | | | | | |
| | i | | | | | | |
| 110 | 國 | | 60 29 04 18 0 | PRUETT, DAVID F. C/O: FRANK RUMLEY | --- | 601-483-4389 | ALKER ROAD |
| | 反 | | | | | | |
| | i | | | | | | |
| 111 | 國 | | 60 30 06 13 0 | PRUETT, DAVID F. C/O FRANK RUMLEY | --- | 601-483-4389 | ALKER ROAD |
| | 反 | | | | | | |
| | i | | | | | | |
| 112 | 國 | | 60 30 07 35 0 | PRUITT, IRA D., IV | --- | --- | SUMTER 74 |
| | 反 | | | | | | |
| | i | | | | | | |
| 113 | 國 | | 60 32 09 32 0 | PRUETT FAMILY INVESTMENTS, LLL | --- | --- | UE UNIT 421 |
| | 反 | | | | | | |
| | i | | | | | | |
| 114 | 國 | | 60 33 01 02 0 | PRUITT, IRA D., IV | --- | --- | SUMTER 74 |
| | 反 | | | | | | |
| | i | | | | | | |
| 116 | 國 | | 60 90 00 00 0 | MANLEY, RICHARD S. C/O: ALYCE SPRI | --- | --- | NSET DRIVE |

| Dist | Land | Imp | TI-Mkt | Acres | D-Date | D-Inst |
|------|------|-----|--------|-------|--------|--------|
| 1 | $75,500 | $5,500 | $81,000 | 71.3 | 2/13/2019 | DB241-PG589 |
| 1 | $0 | $8,200 | $8,200 | 0 | 2/10/2012 | WB56-PG170 |
| 1 | $13,200 | $0 | $13,200 | 11 | 12/9/2015 | DB234-PG830 |
| 1 | $10,000 | $52,000 | $62,000 | 1 | 10/1/2007 | DB180-PG433 |
| 1 | $51,100 | $0 | $51,100 | 35 | 10/21/2008 | 0-PG810-835 |
| 1 | $36,000 | $0 | $36,000 | 26 | 7/26/2013 | DB230-PG301 |
| 1 | $20,800 | $0 | $20,800 | 15.1 | 6/7/2010 | DB224-PG11 |
| 1 | $26,000 | $165,600 | $191,600 | 16 | 9/6/2011 | DB226-PG672 |
| 1 | $26,300 | $18,400 | $44,700 | 16.4 | 2/13/2012 | DB227-PG237 |
| 1 | $14,000 | $0 | $14,000 | 10 | 10/1/2007 | DB104-DB841 |
| 1 | $11,700 | $16,100 | $27,800 | 6.5 | 2/13/2012 | DB227-PG237 |
| 6 | $5,000 | $111,600 | $116,600 | 0 | 12/28/2007 | DB219-PG22 |
| 6 | $9,600 | $0 | $9,600 | 2.4 | 12/28/2007 | DB219-PG20 |
| 1 | $10,000 | $0 | $10,000 | 2.5 | --- | --- |

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | $91,000 | $383,200 | $474,200 | 80 | 2/3/2017 | DB237-PG415 |
| 1 | $40,000 | $0 | $40,000 | 40 | 2/3/2017 | DB237-PG415 |
| 1 | $40,000 | $0 | $40,000 | 40 | 2/3/2017 | DB237-PG415 |
| 1 | $78,000 | $0 | $78,000 | 93 | 2/23/2018 | DB239-PG449 |
| 1 | $27,000 | $0 | $27,000 | 27 | 2/23/2018 | DB239-PG449 |
| 1 | $22,000 | $0 | $22,000 | 44 | 2/3/2017 | DB237-PG415 |
| 1 | $2,500 | $0 | $2,500 | 0.5 | 2/23/2018 | DB239-PG449 |
| 1 | $5,000 | $16,200 | $21,200 | 0 | 2/23/2018 | DB239-PG449 |
| 2 | $27,500 | $0 | $27,500 | 25.5 | 2/3/2017 | DB237-PG415 |
| 1 | $26,100 | $0 | $26,100 | 25.5 | 2/3/2017 | DB237-PG415 |
| 2 | $268,900 | $0 | $268,900 | 173.6 | 10/1/2007 | DB179-PG560 |
| 2 | $59,700 | $0 | $59,700 | 15.98 | 3/25/2015 | DB233-PG506 |
| 2 | $13,000 | $173,700 | $186,700 | 0 | 10/1/2007 | DB108-DB498 |
| 1 | $98,200 | $0 | $98,200 | 128 | 2/23/2018 | DB239-PG449 |
| 1 | $173,000 | $0 | $173,000 | 151 | 4/22/2015 | DB233-PG735 |
| 1 | $217,000 | $248,900 | $465,900 | 147.4 | 10/1/2007 | DB164-DB90 |

| | | | | | |
|---|---|---|---|---|---|
| 2 | $28,000 | $0 | $28,000 | 7 | 3/25/2015 DB233-PG506 |
| 2 | $15,300 | $0 | $15,300 | 1.53 | 5/2/2018 DB240-PG10 |
| 2 | $50,000 | $0 | $50,000 | 5 | 3/25/2015 DB233-PG506 |
| 2 | $38,500 | $0 | $38,500 | 3.85 | 3/25/2015 DB233-PG506 |
| 2 | $2,300 | $0 | $2,300 | 0.23 | 5/2/2018 DB240-PG10 |
| 2 | $2,060 | $0 | $2,060 | 0 | 2/27/2018 DB239-PG468 |
| 2 | $2,080 | $0 | $2,080 | 0 | 2/27/2018 DB239-PG468 |
| 2 | $4,110 | $0 | $4,110 | 0 | 2/27/2018 DB239-PG468 |
| 2 | $1,970 | $0 | $1,970 | 0 | 2/27/2018 DB239-PG468 |
| 2 | $1,800 | $0 | $1,800 | 0 | 2/27/2018 DB239-PG468 |
| 2 | $1,210 | $0 | $1,210 | 0 | 2/27/2018 DB239-PG468 |
| 2 | $910 | $0 | $910 | 0 | 2/27/2018 DB239-PG468 |
| 2 | $990 | $0 | $990 | 0 | 2/27/2018 DB239-PG468 |
| 2 | $1,600 | $0 | $1,600 | 0 | 2/27/2018 DB239-PG468 |
| 2 | $1,730 | $0 | $1,730 | 0 | 2/27/2018 DB239-PG468 |
| 2 | $1,730 | $0 | $1,730 | 0 | 2/27/2018 DB239-PG468 |



| | | | | | | |
|---|---|---|---|---|---|---|
| 2 | $1,650 | $0 | $1,650 | 0 | 2/27/2018 | DB239-PG468 |
| 2 | $1,230 | $0 | $1,230 | 0 | 2/27/2018 | DB239-PG468 |
| 2 | $1,500 | $0 | $1,500 | 0 | 2/27/2018 | DB239-PG468 |
| 2 | $1,680 | $0 | $1,680 | 0 | 2/27/2018 | DB239-PG468 |
| 2 | $1,680 | $0 | $1,680 | 0 | 2/27/2018 | DB239-PG468 |
| 2 | $1,680 | $0 | $1,680 | 0 | 2/27/2018 | DB239-PG468 |
| 2 | $1,740 | $0 | $1,740 | 0 | 2/27/2018 | DB239-PG468 |
| 1 | $114,000 | $0 | $114,000 | 120 | 2/23/2018 | DB239-PG449 |
| 2 | $125,000 | $1,600 | $126,600 | 25 | 2/23/2018 | DB239-PG449 |
| 2 | $33,200 | $0 | $33,200 | 8.3 | 2/23/2018 | DB239-PG449 |
| 2 | $130,000 | $0 | $130,000 | 26 | 2/23/2018 | DB239-PG449 |
| 1 | $42,660 | $0 | $42,660 | 12 | 2/23/2018 | DB239-PG449 |
| 2 | $61,500 | $0 | $61,500 | 41 | 2/23/2018 | DB239-PG449 |
| 1 | $4,750 | $0 | $4,750 | 3.39 | 2/23/2018 | DB239-PG449 |
| 1 | $9,520 | $0 | $9,520 | 6.8 | 2/23/2018 | DB239-PG449 |

4

240

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | $3,720 | $0 | $3,720 | 3.1 | 2/23/2018 | B239-PG449 |
| 1 | $83,300 | $0 | $83,300 | 91 | 2/23/2018 | B239-PG449 |
| 1 | $139,000 | $0 | $139,000 | 139 | 2/23/2018 | B239-PG449 |
| 1 | $32,000 | $0 | $32,000 | 31 | 2/23/2018 | B239-PG449 |
| 1 | $26,250 | $0 | $26,250 | 40 | 2/23/2018 | B239-PG449 |
| 1 | $103,000 | $0 | $103,000 | 112 | 2/23/2018 | B239-PG449 |
| 1 | $113,000 | $0 | $113,000 | 128 | 2/23/2018 | B239-PG449 |
| 1 | $51,700 | $0 | $51,700 | 80 | 2/23/2018 | B239-PG449 |
| 1 | $117,500 | $1,200 | $118,700 | 199 | 2/23/2018 | B239-PG449 |
| — | $140,000 | $0 | $140,000 | 117 | 2/23/2018 | B239-PG449 |
| — | $0 | $0 | $0 | 40 | 12/7/2017 | B239-PG121 |
| 1 | $2,000 | $0 | $2,000 | 4 | 2/23/2018 | B239-PG449 |
| 1 | $40,800 | $0 | $40,800 | 40 | 2/3/2017 | B237-PG417 |
| 1 | $313,000 | $0 | $313,000 | 309 | 2/3/2017 | B237-PG417 |
| 1 | $22,700 | $4,700 | $27,400 | 22 | 2/3/2017 | B237-PG417 |
| 2 | $16,360 | $96,400 | $112,760 | 0 | 2/27/2018 | B239-PG468 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 2 | $10,080 | $83,100 | $93,180 | 0 | 2/27/2018 | DB239-PG468 |
| 2 | $19,500 | $207,700 | $227,200 | 1.9 | 10/1/2007 | DB95-PG170 |
| 2 | $15,400 | $0 | $15,400 | 11 | 10/1/2007 | WB35-WB620 |
| 2 | $36,400 | $0 | $36,400 | 26 | 10/1/2007 | WB35-WB620 |
| 1 | $82,900 | $0 | $82,900 | 80 | 10/1/2007 | DB205-PG110 |
| 1 | $122,600 | $139,200 | $261,800 | 79 | 10/1/2007 | DB189-PG27 |
| 1 | $72,000 | $0 | $72,000 | 67 | 10/1/2007 | DB211-PG115 |
| 1 | $138,400 | $0 | $138,400 | 160 | 10/1/2007 | DB205-PG110 |
| 1 | $30,000 | $0 | $30,000 | 30 | 10/1/2007 | DB207-PG948 |
| 1 | $8,500 | $0 | $8,500 | 1.7 | 10/1/2007 | DB185-PG354 |
| 1 | $7,500 | $42,100 | $49,600 | 2.5 | 12/16/2014 | DB232-PG804 |
| 1 | $15,200 | $0 | $15,200 | 13 | 12/16/2014 | DB232-PG804 |
| 1 | $20,000 | $0 | $20,000 | 5 | 10/1/2007 | DB151-DB88 |
| 3 | $2,250 | $0 | $2,250 | 0 | 10/1/2007 | DB148-DB347 |
| 3 | $2,250 | $29,500 | $31,750 | 0 | 10/1/2007 | DB148-DB347 |
| 2 | $8,300 | $206,900 | $215,200 | 1.66 | 7/31/2012 | DB228-PG114 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 2 | $6,000 | $0 | $6,000 | 0 | 2/27/2018 | DB239-PG468 |
| 2 | $6,000 | $0 | $6,000 | 0 | 2/27/2018 | DB239-PG468 |
| 2 | $6,000 | $0 | $6,000 | 0 | 2/27/2018 | DB239-PG468 |
| 2 | $6,000 | $0 | $6,000 | 0 | 2/27/2018 | DB239-PG468 |
| 2 | $6,000 | $0 | $6,000 | 0 | 2/27/2018 | DB239-PG468 |
| 2 | $6,000 | $0 | $6,000 | 0 | 2/27/2018 | DB239-PG468 |
| 2 | $6,000 | $0 | $6,000 | 0 | 2/27/2018 | DB239-PG468 |
| 2 | $6,000 | $0 | $6,000 | 0 | 2/27/2018 | DB239-PG468 |
| 2 | $6,000 | $0 | $6,000 | 0 | 2/27/2018 | DB239-PG468 |
| 2 | $6,000 | $0 | $6,000 | 0 | 2/27/2018 | DB239-PG468 |
| 1 | $4,180 | $0 | $4,180 | 0 | 10/2/2015 | DB234-PG580 |
| 1 | $2,730 | $0 | $2,730 | 0 | 10/2/2015 | DB234-PG580 |
| 1 | $2,730 | $0 | $2,730 | 0 | 10/2/2015 | DB234-PG580 |
| 1 | $3,080 | $0 | $3,080 | 0 | 10/2/2015 | DB234-PG580 |
| 1 | $3,000 | $0 | $3,000 | 0 | 10/2/2015 | DB234-PG580 |

7

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | $4,180 | $0 | $4,180 | 0 | 10/2/2015 | DB234-PG580 |
| 1 | $22,800 | $0 | $22,800 | 18 | 10/1/2007 | DB199-PG743 |
| 1 | $54,000 | $0 | $54,000 | 45 | 10/1/2007 | DB109-PG527 |
| 1 | $41,600 | $0 | $41,600 | 40 | 10/1/2007 | VB27-WB468 |
| 1 | $167,000 | $0 | $167,000 | 167 | 12/21/2012 | DB229-PG29 |
| 1 | $160,000 | $0 | $160,000 | 160 | 10/1/2007 | VB27-WB468 |
| 1 | $2,500 | $0 | $2,500 | 50 | — | — |

## CERTIFICATE OF SERVICE

Federal Bureau of Investigations
1000  18th Street
Birmingham, Al. 35203
(205) 326-6166

William Barr  United States Attorney General
United States Department of Justice
950  Pennsylvania Avenue, NW
Washington  D.C.  20530-0001

U. S. Attorney General
501  Washington Avenue
Montgomery, Alabama  36104

Stephen Smith  Trustee
1052 Highland Colony Pkwy
Suite  100
Ridgeland,  Mississippi
39157

United States Trustee
501 E. Court St.  Suite 6-430
Jackson, Mississippi
39201-5022

List all Defendants -  via certified mail
- Michael King
- I Drayton Pruitt
- Bruce L. Johnson
- Eddie Hardaway
- Margo Bryan
- William Harrison
- Watkins & Eager PLLC
- Eileen N. Shaffer
United State District Court (Northern District of Alabama)