
FILED
2020 Nov-16 AM 08:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| LUKE EDWARDS, *et al.*,<br><br>   Plaintiffs,<br><br> v.<br><br>IRA DRAYTON PRUITT, JR., *et al.*,<br><br>   Defendants. | 7:20-cv-01400-LSC |

**MEMORANDUM OF OPINION**

## I.  INTRODUCTION

*Pro se* plaintiffs Luke Edwards ("Edwards") and Apostolic Advancement Association ("Apostolic"), along with represented plaintiffs Heritage Real Estate Investment, Inc. ("Heritage") and Alabama-Mississippi Farm, Inc. ("the Farm") (collectively, "Plaintiffs") bring this action against Defendants Ira Drayton Pruitt, Jr., William Harrison, Michael King, the Estate of Bruce Johnson, Eddie Hardaway, Margo Bryan, Ira Drayton Pruitt, J. Stephen Smith, and Sharon Harris (collectively, "Defendants"). Plaintiffs filed a "whistleblower complaint" under 50 U.S.C. § 3033(k)(5)(A). Before the Court are Plaintiffs' Amended Complaint (doc. 2), and Defendants' Motions to Dismiss (docs. 4, 5, 6, & 12). For the reasons stated below, Defendants' motions are due to granted, and this matter is due to be dismissed.

## II. BACKGROUND[1]

Plaintiffs filed a *pro se* complaint reporting an "urgent concern" under 50 U.S.C. § 3033(k)(5)(A). Plaintiffs claim that Defendants were engaged in a continuing criminal enterprise that has "taken hundreds of acres of land" from Plaintiffs. (Doc. 1 at 3.)

After filing their Complaint (doc. 1), Plaintiffs filed a First Amended Complaint (doc. 2). Without leave of the Court or permission from the opposing parties, Plaintiffs filed a Third Amended Complaint (doc. 3) and a Fourth Amended Complaint (doc. 10). After filing their Fourth Amended Complaint, Heritage and the Farm obtained counsel, and are no longer appearing *pro se*. Defendants filed several Motions to dismiss Plaintiffs' complaint. (Docs. 4, 5, 6, & 12.)

## III. STANDARD OF REVIEW

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, in order to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a

---

[1] In evaluating a motion to dismiss, this Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012) (quoting *Ironworkers Loc. Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1359 (11th Cir. 2011)). The following facts are, therefore, taken from the allegations contained in Plaintiff's Second Amended Complaint, and the Court makes no ruling on their veracity.

complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated another way, the factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1296 (11th Cir. 2010) (quoting *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (internal quotation marks omitted). A complaint that "succeeds in identifying facts that are suggestive enough to render [the necessary elements of a claim] plausible" will survive a motion to dismiss. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

The Court must liberally construe Plaintiffs' Complaint because Plaintiffs were proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, while a *pro se* plaintiff will be given greater leniency, "[t]his leniency . . . does not require or allow courts to rewrite otherwise deficient pleading in order to sustain an

action." *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010).[2]

A district court has the authority to dismiss a claim where "the factual contentions are . . . far-fetched or baseless." *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). However, "a district court may dismiss a case for frivolity only when the legal claim is indisputably meritless, the facts are far-fetched or baseless, or both." *Cofield*, 936 F.2d at 515 (affirming the district court's dismissal of actions which "alleged the fantastic"); *see also Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit . . . .") (citations and internal quotations omitted).

## IV. DISCUSSION

As a preliminary matter, Apostolic cannot represent itself *pro se* as Plaintiffs allege it is a corporation. *See, e.g.*, *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1386 (11th Cir. 1985) ("[A] corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."). Accordingly, Apostolic

---

[2]  "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

is hereby dismissed from this action, as are all of Apostolic's pending claims against Defendants.

The only complaint properly before the Court is *pro se* Plaintiff Luke Edwards's First Amended Complaint (doc. 2), filed when all Plaintiffs were appearing *pro se*.[3] Under the Federal Rules of Civil Procedure, a plaintiff "may amend its pleading *once* as a matter of course within . . . 21 days after serving it." Fed. R. Civ. P. 15(a)(1) (emphasis added). For all other amendments, a plaintiff "may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* 15(a)(2). Here, Edwards filed a First Amended Complaint as a matter of course nine days after filing his Complaint. Edwards did not seek permission from the Court, nor did he obtain permission from Defendants to submit further amended pleadings. As such, the Court strikes Edwards's Third Amended Complaint (doc. 3) and Fourth Amended Complaint (doc. 10). Because the Amended Complaint properly before the Court is Edwards's First Amended Complaint (doc. 2), Defendants Ira Drayton Pruitt, J. Stephen Smith, and Sharon Harris, who were added as Defendants in his Fourth Amended Complaint, are hereby dismissed.

---

[3] Even though Heritage and the Farm, both alleged corporations, are now represented by counsel, they have taken no actions to amend their pleadings. Accordingly, the Court analyzes Plaintiffs' First Amended Complaint as if all Plaintiffs are still proceeding *pro se*.

Plaintiffs cannot state a claim upon which relief may be granted. Edwards asserts that he is filing a "whistleblower complaint" under 50 U.S.C. § 3033(k)(5)(A). This statute addresses the Inspector General of the Intelligence Community, and allows "[a]n employee of an element of the intelligence community, an employee assigned or detailed to an element of the intelligence community, or an employee of a contractor to the intelligence community who intends to report to Congress a complaint or information with respect to an urgent concern may report such complaint to the Inspector General." 50 U.S.C. § 3033(k)(5)(A). Edwards has alleged no facts that would support such a claim, and even assuming he could, Edwards is seeking relief from the Court and is not filing a report with the Inspector General. Even liberally construing his First Amended Complaint, there is no cause of action Edwards can bring under this statute.

Furthermore, Edwards's First Amended Complaint contains nothing more than a list of federal statutes followed by a series of interrogatories and copies of emails. Edwards has alleged no facts and cannot state a claim upon which relief may be granted. Accordingly, Defendants' Motions to Dismiss are due to be granted, and this matter is due to be dismissed.

## V.  CONCLUSION

For the reasons stated above, Defendants' motions to dismiss (docs. 4, 5, 6, & 12) are due to be granted. All claims against all Defendants are hereby dismissed. An order consistent with this opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** on November 16, 2020.

L. Scott Coogler
United States District Judge

202892